**COLUMBUS (City), Appellee, v. VAN METER, Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4313. Decided November 4, 1949.

Richard W. Gordon, City Atty., Robert E. Leach, Walter W. Grelle, Jr., Asst. City Attys., Columbus, for plaintiff-appellee. Isadore Margulis, Columbus, for defendant-appellant.

(FESS, J, of the Sixth District, MONTGOMERY, PJ, of the Fifth District, and CARPENTER, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By FESS, J.

Appeal from a judgment on a verdict in the Municipal Court of the City of Columbus, convicting defendant of operating a motor vehicle while under the influence of intoxicating liquor in violation of Section 1300 of the Columbus Code.

On February 11, 1949, a plea in abatement was sustained to an affidavit filed January 28, 1949, charging the offense on the ground that the arresting officer, the affiant, was not present at the time the offense was alleged to have been committed. A second affidavit by the same officer was filed February 11, 1949, charging the same offense. Instead of filing a second plea in abatement, defendant filed a plea of former jeopardy and dismissal based upon the sustaining of the former plea in abatement. A demurrer to the plea of former jeopardy was sustained. Notice of appeal from the order sustaining the demurrer was filed but not perfected. The bill of exceptions recites that a demurrer to a plea in abatement was also sustained but the record fails to disclose that any such motion was filed in the second case. In any event an order sustaining a demurrer to a plea of former jeopardy is not a judgment or final order from which an appeal may be taken. **State v. Norman, 80 Oh Ap 510.** Since

the plea in abatement directed to the first affidavit was sustained on the arraignment there was no former jeopardy.

On the day of the first trial defendant also filed a motion to quash the affidavit which was summarily overruled. After the trial commenced, on motion of the plaintiff the affidavit was amended, the prosecuting witness resworn and upon rearraignment the defendant entered a plea of not guilty. No motions were filed by the defendant to the amended affidavit, so any claimed error with respect to overruling the motion to quash becomes moot.

The principal error assigned relates to the admission of evidence of a urinalysis and the testimony of the chemist in answer to a hypothetical question that a person having the percentage of alcohol found in defendant's urine is definitely under the influence of alcohol and an unsafe driver.

Defendant contends that the specimen of urine was taken in violation of defendant's constitutional rights. The evidence discloses that the specimen was given by the defendant voluntarily but the defendant was not warned that the results of the analysis would be used against him. There is no evidence of compulsion or deceit incident to the taking of the specimen. No error, therefore, intervened incident to the admission of evidence of the result of the test, if otherwise admissible. **Angeloff v. State, 91 Oh St 361, 363,** 110 N. E. 936; Jones v. State, 20 C. C. N. S. 542, 31 C. D. 419.

Was evidence of the result of the urinalysis admissible?

The witness was well qualified by education and experience. The specimen was clearly identified as that given by the defendant the evening of the accident and analyzed the following morning. The witness testified that it contained .28% alcohol. He gave as his opinion that persons with less than .05% alcohol are not under the influence thereof, but that a person with .15% is definitely under the influence of alcohol and an unsafe driver. In answer to another hypothetical question the witness testified that in his opinion a person with .28% of alcohol in his urine is definitely under the influence of alcohol and is an unsafe driver. Possibly the conclusion that such a person is an unsafe driver is improper but objection was not made on that ground. No officially reported case in Ohio on the subject has come to our attention, but from the great weight of authority outside Ohio it is apparent that evidence as to the obtaining of a specimen of body fluid at or near the time in question, evidence as to the alcoholic content thereof, as determined by scientific analysis, and expert opinion testimony as to what the presence

of an ascertained amount of alcohol in the urine, blood or other body fluid of a person indicates with regard to such person's sobriety or intoxication, is · ordinarily admissible as relevant and competent, where the accused submits without objection to the taking of the specimen. But the weight of the opinions of such experts is of course for the trier of the facts to be considered together with the other evidence in the case. 127 A. L. R. 1513, 159 A. L. R. 209. The assignment of error that the defendant was prejudiced by the admission of the testimony relating to the analysis is therefore not well taken.

It may be noted that in the instant case the evidence aside from that relating to the test was ample to support a conviction beyond a reasonable doubt, and it does not affirmatively appear from the record that the accused was prejudiced thereby and prevented from having a fair trial. **Sec. 13449-5 GC.**

Judgment affirmed and cause remanded to the Municipal Court of Columbus for execution.

MONTGOMERY, PJ, and CARPENTER, J, concur.