UNITED STATES, Appellee

v.

FLORENCELL BOOKER, Private E–2, U. S. Army, Appellant

4 USCMA 335, 15 CMR 335

No. 3836

Decided May 21, 1954

Maj Edwin Doran, U. S. Army, and 1st Lt Jack J. Albert, U. S. Army, for Appellant.·

Lt Col William R. Ward, U. S. Army, and 1st Lt Kenneth A. Howard, U. S. Army, for Appellee.

## Opinion of the Court

George W. Latimer, Judge:

The convening authority and a board of review in the office of The Judge Advocate General of the Army have affirmed and approved the action of a general court-martial in finding the accused guilty of wrongfully using morphine in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. Only a skeletonized version of the facts ·is stated as the issue involves compulsory self incrimination. At the trial it was established that a corporal of the military police conducted a search of the accused's person, subsequent to his apprehension in an off-limits area. The corporal removed a triangular shaped white packet from appellant's shirt pocket and as he was exhibiting it to his companion, the accused seized the packet, placed it in his mouth, and swallowed its contents. The appellant was taken to military police headquarters and then to a local dispensary where he was requested to furnish a sample of urine. Not being able to comply with the request, he cooperated with medical personnel in obtaining a sample by the use of a catheter.

Testimony establishing the custodial chain of the specimen and its resultant analysis showing the presence of morphine in the body of accused was offered in evidence. There was an objection lodged to the testimony by defense counsel, but this was overruled. We granted the petition for review to pass on the single issue of whether the evidence obtained from the accused by use of a catheter and without warning was in violation of Article 31 of the Uniform Code of Military Justice, 50 USC § 602.

, Our holding in United States v. Williamson, 4 USCMA 320, 15 CMR 320, is dispositive of the principal issue in this case. However, two other problems are present here because the sample was taken while accused was conscious, he could have been warned of his rights under Article 31, and he cooperated with the officials in obtaining the evidence. While we arrive at the same result reached in the Williamson case, supra, we express our views on the two questions of failure to warn and lack of compulsion. We shall treat them in the reverse order.

· . In Williamson, supra, we applied the

tests for self incrimination set out in United States v. Eggers, 3 USCMA 191, 11 CMR 191, and United States v. Rosato, 3 USCMA 143, 11 CMR 143, which restricted the application of Article 31, Uniform Code of Military Justice, to instances involving the active conscious exercise of the mental faculties of the accused. We concluded that as an extraction of body fluids did not compel petitioner to use any of his senses, it is thus without the scope of the privilege.

Having applied that rule to evidence obtained while accused was unconscious, it follows that if an accused cooperates in producing evidence, a more persuasive reason for its admission is present. This for the reason that there is a well-established rule of law that the element of compulsion must be present before a defendant can rely upon the protection afforded him by the privilege against compulsory self incrimination. City of Columbus v. Van Meter (Ohio App) 89 NE2d 703; Touchton v. State, 154 Fla 547, 18 So2d 752; State v. Duguid, 50 Ariz 276, 72 P2d 435; Ridgell v. United States, (DC Mun App), 54 A2d 679 (and cases cited therein). The record of trial discloses clearly that the accused cooperated fully, and without protest, when asked to assist in obtaining the specimen here involved. Applying the above rule to the instant set of facts, the accused is not entitled to claim the protection afforded by Article 31(a), the required compulsion being nonexistent.

This brings us to the question of failure to warn. Article 31 has two subsections which are applicable to self incrimination. These are:

"(a) No person subject to this code shall compel any person to incriminate himself or to answer any question the answer to which may tend to incriminate him.

"(b) No person subject to this code shall interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which

he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial."

Subsection (a) is applicable only when an accused is required to consciously contribute to his conviction. We have so interpreted that subsection in the first part of this opinion and in the previously cited cases. Subsection (b) can be interpreted reasonably to cover incidents which may not involve compulsion, but it is limited by its terms to testimonial utterances of an accused, either oral or written. It is intended to prohibit the use of statements when they are obtained by questions, interrogations, or requests. It clearly does not invade the field which now concerns us. The principles underlying the introduction of this type of testimony are entirely hostile to the rules governing warning, and a statute should not be interpreted to bring about absurd results. That would be the effect if we were to hold a prior warning was necessary before evidence could be obtained by the methods employed in this instance. To illustrate the absurdity, we use as an example the evidence permitted in all courts, namely, that an accused can be required to exhibit his body, try on a piece of wearing apparel, or submit to fingerprinting. We ask, what value would it be to an accused to warn him he need not try on a shirt, need not display his arm, or need not be fingerprinted if he can be compelled to do so? Applied to this instance, if medical personnel can use reasonable and scientific means to extract a sample of body fluids over the protest of an accused, would it not be inconsistent to hold the evidence obtained inadmissible because he was not warned that he need not say anything? The right of free choice is implicit in the doctrine of failure to warn, but there is no free choice if compulsion can be used. We have heretofore held that in this field reasonable coercion is permissible and that compels a holding that Article 31(b) does not apply.

The collateral questions being thus disposed of, we reaffirm the rule set out in Williamson, supra, and answer

the issue posed in this proceeding in the negative. The decision of the board of review is affirmed.

BROSMAN, Judge (concurring):

In United States v. Williamson, 4 USCMA 320, 15 CMR 320, I have recorded my conclusion that a suspected person may not lawfully be subjected to catheterization over his protest. However, I am sure that neither a suspect nor an accused need be warned that he is not required to permit this procedure. In my view, the term "statement," as used in Article 31(b), does not encompass real evidence like urine samples, and—in general—is directed solely to testimonial utterances. United States v. Milton, ACM S-7345, 13 CMR 741.

On the other hand, I would suppose that consent to catheterization must be regarded in much the same manner as consent to a search and seizure. In short, mere acquiescence does not suffice. United States v. Kofnetka [ACM 4332], 2 CMR 773; United States v. Cook [ACM 4283], 1 CMR 850; United States v. Jones [ACM 3352], 4 CMR (AF) 218; Note, 101 U Penn LR 851, 863. Naturally a finding of consent could more easily be supported if an accused had been informed prior to the extraction that he was not required to submit thereto, and that under the law it could not be performed over his ob-

jection. In truth, a written statement of consent—like that customary in obtaining a suspect's consent to a lie detector examination—might well be appropriate in this area. See FM 19–20, Criminal Investigation, paragraph 68. On the issue of consent, I must confess that it is only after some hesitancy that I conclude that the accused in the instant case did more than acquiesce to superior authority in permitting the catheterization. To my mind the case is distinctly a close one—but I am willing to accede to the views of my brothers on this point.

QUINN, Chief Judge (concurring in the result):

I concur in the result.

For reasons set out in my dissenting opinion in Williamson, 4 USCMA 320, 15 CMR 320, I do not agree with the majority in its sanction of the use of a catheter without the accused's consent. However, in this case, the accused voluntarily cooperated with the authorities. Under the circumstances, he has no cause to complain. Article 31 of the Code does not apply because the urine specimen was obtained with his consent, and since there was no interrogation of any kind, there was no need to warn the accused that any statement made could be used against him in a trial by court-martial.