Weinberger, Appellee, *v.* Weinberger, Appellant.

(No. 7426—Decided August 21, 1974.)

*Messrs. Davis & Lipps,* for appellant.
*Mr. Marvin G. Manes,* for appellee.

Victor, J. On October 31, 1960, the plaintiff (appellee), Sylvia Weinberger, was granted a divorce from the defendant (appellant), Lawrence M. Weinberger, in the Court of Common Pleas of Summit County. At that time, the parties

were residents of Ohio. The decree of divorce incorporates a separation agreement, and the defendant (who is a practicing neurosurgeon) is to pay permanent alimony to the plaintiff, based upon a percentage of his income. The decree authorizes the plaintiff to inspect the defendant's federal income tax return each year. It further provides for the "retention of jurisdiction by the court for the purpose of carrying out the provisions of the order."

In 1969, the defendant moved to California, where he is now a resident, and actively engaged in practicing his profession. In 1968, the plaintiff moved to Florida, and her residence is now in that state.

On November 19, 1972, the plaintiff filed a motion in the Court of Common Pleas of Summit County, for an order requiring the defendant to make an accounting to her in accordance with the previous order of the court, or, in the alternative, for an order finding the defendant in contempt of court. Notices were mailed to the defendant in California. These were returned marked either "unopened" or "refused." The motion was heard on January 16, 1973, and no one appeared on behalf of the defendant. On January 23, 1973, the trial court found that the defendant had been properly served under the Ohio Rules of Civil Procedure, and that it had jurisdiction of the subject matter and the parties. The court further found that "Upon the statements of counsel, exhibits and evidence * * * the plaintiff is entitled to a judgment," and awarded a judgment against the defendant in the sum of $33,354.

On March 29, 1973, the defendant, without entering his appearance, moved the court to quash the purported service of summons on him, and to vacate the money judgment rendered against him, for the reason that the court lacked jurisdiction over his person. The motion was overruled and, from that order, the defendant has lodged an appeal in this court. He states that the trial court erred: (1) "in granting a money judgment to plaintiff when none was prayed for in her motion" and (2) "in assuming jurisdiction over the defendant when both parties are non-residents of the state of Ohio."

We shall discuss the second assignment of error first. The parties agree that the Court of Common Pleas of Summit County had jurisdiction of the subject matter, and the parties, when the divorce decree was entered in 1960. As a general rule, once jurisdiction attaches to the person, and the subject matter of the litigation, the subsequent happening of events will not ordinarily operate to oust the jurisdiction already attached. See 20 American Jurisprudence 2d 495, Courts, Section 148. This rule is equally applicable to the jurisdiction of the divorce granting court over an alimony award, which is executory in nature and extends into the future. The court making such an award retains jurisdiction to enforce compliance with the terms of the original judgment. See, generally, 18 Ohio Jurisprudence 2d 576, Divorce and Separation, Section 258. Furthermore, Civil Rule 75(J) provides that this continuing jurisdiction is invoked through a motion filed in the original action.

No one challenges the proposition that such a decree is enforceable by proceedings in contempt. *Holloway* v. *Holloway*, 130 Ohio St. 214. Surely, subject matter jurisdiction is not lost because the parties leave the geographic jurisdiction of the court which rendered the decree and establish a residence in another state. See *Karpf* v. *Karpf*, 260 App. Div. 701, 23 N. Y. S. 2d 745, and, particularly, *Prensky* v. *Prensky* (Fla. 1972), 146 So. 2d 604, a case practically "on all fours" with the instant case. See, also, *Mueller* v. *Mueller*, 36 Ill. App. 2d 305, 183 N. E. 2d 887, and *Everhart* v. *Everhart*, 261 S. C. 322, 200 S. E. 2d 87.

Defendant asserts that because the plaintiff is now a resident of the state of Florida, she may not take advantage of the so-called "long arm" procedure for out-of-state service of summons upon him, pursuant to Civil Rule 4.3(A) (8). He contends that such service can give the court personal jurisdiction over him only "if the other party to the marital relationship [the plaintiff] continues to reside in this state [Ohio]," and since plaintiff no longer resides in Ohio, she may not have the benefit of Civil Rule 4.3(A) (8).

We reject this argument. An examination of the case law from other states having "long-arm" provisions, simi-

lar to Civ. R. 4.3, and a perusal of scholarly comment on the subject, leads us to conclude that the thrust of the mandate, which requires one of the parties to be a resident of the state of Ohio, is for the purpose of acquiring personal jurisdiction, in the first instance, only when the divorce action is originally filed. See *Dillon* v. *Dillon*, 46 Wis. 2d 659, 176 N. W. 2d 362, and *Mizner* v. *Mizner*, 84 Nev. 268, 439 P. 2d 679. See, also, the article titled "Extension of the Illinois Long Arm Statute: Divorce and Separate Maintenance," 16 De Paul L. R. 45, and the Article "Using Long Arm Jurisdiction to Enforce Marital Obligations," 42 Miss. L. J. 183.

We conclude that even where both parties no longer reside in the jurisdiction which granted the divorce and awarded alimony, the proper forum in which either party may apply for the enforcement of that decree is the court which entered it. We reject assignment of error number two.

The defendant also contends that the trial court erred in granting a money judgment, when the only relief prayed for was an accounting or, in the alternative, a finding of contempt.

The general rule is that where an accounting is requested in a court of equity which has acquired jurisdiction of the parties, that court may, for the purpose of affording full and complete relief, adjust all of the differences between the parties, arising from the cause of action, in order to do complete justice. See 1 American Jurisprudence 2d 424, Accounts and Accounting, Section 51, and 4 Pomeroy's Equity Jurisprudence (5th ed.), Sections 1420-1421. Consequently, where a right to compensation is established, the court, in its sound discretion, may order a personal judgment. See 27 American Jurisprudence 2d 636, Equity, Section 112, and 1 Pomeroy's Equity Jurisdiction (5th ed.), Sections 181, 186a.

Where a court makes an accounting, thereby balancing the accounts, it must either render an order for the amount found to be due, or issue an order showing that there is nothing due. If the court was in error in rendering the judgment which it did, we have nothing before us to

demonstrate that error, as there is no transcript of the proceedings. The judgment entry of January 23, 1973 (from which no appeal was taken) recites: "Upon the statements of counsel, exhibits and evidence, the court finds that the plaintiff is entitled to a judgment." Judgment in the sum of $33,354 was awarded. The journal of a court of general jurisdiction imports absolute verity. *State, ex rel. Kriss,* v. *Richards,* 102 Ohio St. 455. Consequently, in the absence of a transcript of proceedings, we must accept the judgment as having been based upon sufficient evidence and, therefore, properly entered.

Thereafter, on March 29, 1973, the defendant filed a motion to quash service and vacate the judgment of January 23, 1973, on the sole ground that the court lacked jurisdiction over his person. The motion was overruled after a hearing before a referee, and the court, on February 8, 1974, affirmed the judgment entered on January 23, 1973.

We recognize that the referee, in his finding relative to the motion to quash and vacate the judgment of $33,-354, states that the judgment "is in fact speculative," but we are compelled to disregard that statement for the reason that an opinion of a court does not constitute its judgment, and it forms no part of the record. The court speaks only through its journal entries and not through its opinions. It has even been said that the opinion of a court cannot be looked to for refutation of the duly entered findings upon the journal, through which the court speaks. See 14 Ohio Jurisprudence 2d 625, Courts, Section 194, and the cases cited therein which support the text, especially *Coffman* v. *Coffman,* 76 Ohio App. 330. See, also, *State, ex rel. Foxall* v. *Cossairt,* 146 Ohio St. 328.

We have no transcript of the proceedings from which to determine whether the evidence, upon which the judgment of $33,354 was based, is proper. We conclude, in accordance with the above propositions of law, that the judgment entry imports absolute verity; that it was properly entered; and that the motion to vacate such judgment was properly overruled. We dismiss the first assignment of error.

Finding no error prejudicial to any substantial right of the defendant, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BRENNEMAN, P. J., and MAHONEY, J., concur.