IN RE APPEAL OF GARDNER.

(No. 87AP-374—Decided October 1, 1987.)

*Robert G. Byrom,* for appellant.
*Lawrence H. Braun,* for appellees.

BOWMAN, J. In April 1986, appellant, Patricia Gardner, was discharged from her position as a bus driver with appellee, the Columbus City School District, following an accident involving a school bus, driven by appellant, and another vehicle. Appellant timely filed a notice of appeal to the Columbus Civil Service Commission on April 21, 1986, and a hearing was set for October 27, 1986. The hearing was continued at the request of appellant to December 15, 1986. On December 23, 1986, the Columbus Civil Service Commission issued its written

decision, disaffirming the action of the appellee and ordering appellant reinstated to her position with back pay from April 7, 1986, through October 27, 1986.

Appellee appealed the decision of the Columbus Civil Service Commission to the court of common pleas, which found that the commission lacked jurisdiction to hear the appeal as it failed to hold a hearing within the required period of time. The court further found that the commission's decision was not supported by reliable, probative and substantial evidence and was not in accordance with law.

Appellant sets forth the following assignments of error:

"1. The Common Pleas Court erred in ruling, as a matter of law, that the Columbus Civil Service Commission lost the requisite jurisdiction to hear Gardner's disciplinary appeal because it failed to hold the statutory hearing within the expected thirty (30) days from the date of appeal.

"2. The Common Pleas Court erred in finding that the order of the Columbus Civil Service Commission was not supported by a preponderance of reliable, probative and substantial evidence, and thereupon disaffirming the Commission's modification of Gardner's termination, and then ordering the termination order of the appointing authority reinstated on the same evidence, improperly substituting its own judgment for that of the trier of fact."

R.C. 124.34 provides in pertinent part:

"In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission. In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority. * * *"

A reading of the above provisions clearly indicates that the time limitation for holding a hearing is not merely directory but, rather, is mandatory as the statute provides the commission *shall* hear or appoint a trial board to hear an appeal within thirty days. However, this court has held that such time requirement provisions, although mandatory, are not necessarily jurisdictional.

In *State, ex rel. Pontiac Motor Div. of General Motors Corp.,* v. *Motor Vehicle Dealers Bd.* (Nov. 29, 1984), Franklin App. No. 84AP-550, unreported, this court, in examining a similar time provision in R.C. 119.07, stated:

"* * * The statute was mandatory in the sense that it established the procedure to be followed in the exercise of jurisdiction, but it was not jurisdictional in the sense that following the notice and hearing requirements of the statute were prerequisites to the exercise of such jurisdiction. The only prerequisite was the institution of an appeal by filing a request for an adjudication hearing.

"* * *

"* * * The fact that a hearing on the merits has not been conducted within the specified time period as alleged does not deprive the board of

power to hear the matter even though it may constitute error. Once jurisdiction has properly been attached, by way of the filing of a proper protest, the right to hear and determine the matter is protected and any decision thereafter is but the exercise of that jurisdiction. * * *" *Id.* at 4.

In *State, ex rel. Vernon Place Extended Care Ctr., Inc.,* v. *State Certificate of Need Review Bd.* (Aug. 11, 1983), Franklin App. No. 82AP-1044, unreported, this court stated:

"Commonly, jurisdiction is divided into two parts: jurisdiction of the subject matter and jurisdiction of the person. Jurisdiction of the subject matter is defined generally as power of the tribunal to hear and determine a case because it is one of the class of cases over which the tribunal has power to exercise jurisdiction. Jurisdiction of the person depends upon whether the subject-matter jurisdiction of the tribunal has been invoked in such a manner as to give the tribunal power to adjudicate the rights of the parties involved. Some jurisdictional questions, however, transcend these definitions and are somewhat difficult to classify in either. This deals with the power of the court to proceed to hear a particular matter. Thus, as here, the court may have true subject-matter jurisdiction and may have jurisdiction of the persons involved but may not have jurisdiction to proceed to hear the case because of some procedural defect, which may include timely application to the court to exercise its subject-matter jurisdiction. Relator contends that the alleged defect in this case is of this type of procedural nature.

"Ordinarily, however, matters are jurisdictional in the sense that the court has no further jurisdiction to proceed because of a procedural defect only where the procedure is a preliminary prerequisite or condition precedent to the tribunal's power to hear the cause. On the other hand, there are mandatory procedural requirements as to the manner, method or mode of hearing a cause, which, although mandatory, are not jurisdictional, and failure to abide by such mandatory requirements, although error, does not deprive the tribunal of jurisdiction to proceed. * * *" *Id.* at 3-4.

In this instance, the jurisdiction of the Columbus Civil Service Commission was properly invoked by appellee's timely filing of the notice of appeal. The commission's failure to hold the hearing within the required thirty days, although error, did not deprive it of jurisdiction to proceed to hold the hearing.

There is merit to appellee's argument that such a lengthy delay becomes expensive to the taxpayer where, as here, the appointing authority is required to pay back pay for the period between the date of discharge and reinstatement. There is also disruption in the appointing authority's routine business, as a vacancy created by the discharge cannot be filled until the appeal is heard and determined. However, as recognized by the United States Supreme Court in *Cleveland Bd. of Edn.* v. *Loudermill* (1985), 470 U.S. 532, there is a need to balance competing interests, those interests being the private interest in retaining employment, governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous termination. *Id.* at 542-543. The court in *Loudermill, supra,* at 544, recognized that "[t]he governmental interest in immediate termination does not outweigh these interests. * * *"

However, this decision should not be understood as approval of the failure of the Columbus Civil Service Commission to set hearing dates

within the statutory or charter guidelines and it may well be that the commission would be subject to an action in mandamus to require performance of its duties. However, the commission's failure to perform its duty to set a hearing within the required time does not destroy appellant's right to a hearing prior to the termination of her employment once appellant has properly invoked the commission's jurisdiction by timely filing a notice of appeal.

Appellant's first assignment of error is sustained.

In reviewing a decision of the Columbus Civil Service Commission, pursuant to R.C. 119.12, the court of common pleas must determine whether the decision of the commission is supported by reliable, probative and substantial evidence, and is in accordance with law. In this instance, the court found the decision by the commission was not supported by reliable, probative and substantial evidence, and was not in accordance with law. The court found that appellant was negligent in the operation of a school bus and that that negligence, along with prior disciplinary actions, justified the termination of her employment.

The facts presented to the commission were essentially uncontroverted; rather, the dispute centered around the standard of care to be used by a school bus driver.

The facts before the commission show the appellant was driving a school bus north on Westerville Road. At the intersection of Ferris and Westerville Roads, appellant pulled into the left turn lane to make a left turn onto Ferris. Appellant pulled into the intersection while the light was green. While she was waiting for the southbound traffic on Westerville Road to clear, the light turned red, catching appellant in the middle of the intersection. Appellant observed a car southbound on Westerville Road about one hundred thirty-five feet from the intersection and, assuming the car would stop, appellant started to turn left against the red light. The southbound car also ran the red light and the two vehicles collided in the intersection. In rendering its decision the Civil Service Commission stated:

"* * * She took the time clearing the intersection. We were concerned that had she stayed in the intersection longer, she may have been at risk and had the children at risk because there was a green light on the east and westbound sides and conceivably, a negligent driver coming [from] one of those two directions could have gone through the green light figuring that she would be out of the intersection by the time that person got there and hit the bus from the east or westbound side. So, she's sitting there in the intersection and has a responsibility to clear it. There's a car fairly — in a reasonable distance down the road and she has no reason to believe that it won't stop and she proceeds through the intersection.

"* * *

"* * * And at some point she has a responsibility to both the law and to the other drivers on the road to move on through the intersection. And she was probably less at risk in moving through the intersection the way she did than if she's stayed there longer, anticipating that this driver would not stop. When most of us in the same situation, would have concluded that the driver would stop.

"* * *

"We disaffirm the action of the appointing authority and find that she was not neglectful of duty and find that she did not fail to control the school bus, and order that she be reinstated effective April 7, 1986, with pay and benefits, but that the pay and

benefits terminate on October 27, 1986 * * *."

Without giving a reason for its findings, the common pleas court concluded that, based on the same evidence, the appellant was negligent. Without evidence that the rules and regulations of the Columbus City School District require school bus drivers to meet a higher standard of care than that imposed upon ordinary drivers, we find that there was reliable, probative and substantial evidence to support the decision of the Columbus Civil Service Commission. Appellant entered into the intersection on a green light but, because of traffic flow, was unable to clear the intersection and complete her left turn until after the light had turned red. Based on appellant's observation, she had sufficient time to make her turn given the distance of the approaching vehicle.

The common pleas court also found that appellant's prior disciplinary record justified her discharge. However, the only evidence in the record was that appellant was twice cited for traffic violations in 1979 during her first year of employment as a school bus driver. Other disciplinary action forms were submitted to the Columbus Civil Service Commission but were not introduced into evidence or offered as exhibits. We find the common pleas court abused its discretion and appellant's second assignment of error is sustained.

For the foregoing reasons, appellant's first and second assignments of error are sustained and the judgment of the trial court is reversed.

*Judgment reversed.*

STRAUSBAUGH, P.J., and YOUNG, J., concur.