The STATE of Ohio, Appellee,

v.

KEEGAN et al., Appellants.

[Cite as *State v. Keegan* (1990), 67 Ohio App.3d 824.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–890236 to C–890239.

Decided May 30, 1990.

*Richard A. Castellini,* City Solicitor, *Terrence R. Cosgrove,* City Prosecutor, and *Karla J. Burtch,* for appellee.

*Condit & Dressing Co., L.P.A.,* and *Charles T. Lester, Jr.,* for appellants.

*Per Curiam.*

The defendants-appellants, Joseph Keegan, Warren Smith and Marlene Avey, appeal their convictions in a jury trial for criminal trespass. Smith also appeals his conviction for resisting arrest. In their three assignments of error, defendants contend that the trial court erred: (1) in denying their motions to quash based upon lack of jurisdiction, (2) in granting the state's motion *in limine,* and (3) in overruling their motions for a judgment of acquittal under Crim.R. 29. These assignments of error are not well taken.

Defendants entered a fenced area of the Planned Parenthood Clinic which was posted "No Trespassing." The clinic's executive director, and later police officers, advised defendants to leave the premises. Upon their refusal to leave, defendants were arrested and charged with criminal trespass. Smith was also charged with resisting arrest because he "went limp," requiring officers to carry him to the police vehicle.

Defendants' first assignment of error contends that the trial court erroneously overruled their motions to quash the complaints for lack of jurisdiction. In support of their assignment, defendants maintain that after they were arrested and transported to the Hamilton County Justice Center,

they received only slips of paper setting forth the date and time of their appearance and a courtroom number. On that designated date, their counsel appeared and on their behalf entered written pleas of not guilty. Although the slips of paper handed to defendants did not comply with Crim.R. 4(C), as we previously held in *Cincinnati v. Arentsen* (Apr. 18, 1990), Hamilton App. Nos. C–890173 and C–890179, unreported, 1990 WL 313005, and *State v. Miller* (1988), 47 Ohio App.3d 113, 547 N.E.2d 399, the trial court obtains jurisdiction of the defendants by the filing of the complaint. Since the defendants appeared through counsel at the designated time, there was no demonstration of prejudice and their first assignment of error is overruled.

In their second assignment of error, defendants contend that the trial court erroneously granted the state's motion *in limine* which precluded them from offering evidence to support their defense of necessity. A ruling on a motion *in limine* is only a tentative, interlocutory ruling made outside the presence of the jury. Error cannot be predicated on the granting or overruling of a motion *in limine* by the trial court which excludes evidence unless the evidence is proffered and the ruling is objected to at trial. *State v. Grubb* (1986), 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142; *State v. Harvey* (Jan. 24, 1990), Hamilton App. No. C–880737, unreported, 1990 WL 4263.

At a conference with counsel in chambers, the trial judge, in response to the state's motion *in limine,* ruled that defendants could not present expert testimony on the issue of when life begins or evidence concerning the internal activities of the clinic. However, the trial judge did not preclude defendants' reliance on the defense of necessity. At trial, defense counsel asked the clinic's director two questions on cross-examination to establish when and how many abortions the clinic performed. The trial court sustained the state's objection to both questions. Although Evid.R. 103(A)(2) provides that a proffer is unnecessary during cross-examination of a witness, defendants nevertheless failed to offer any evidence relative to their defense of necessity. Instead, at the conclusion of the state's case the defendants merely proffered the testimony of their expert witness and then rested their case. Since defendants did not introduce any evidence at trial, we are unable to determine from the record whether either the tentatively excluded evidence or the excluded evidence was relevant to defendants' defense, or whether the trial judge's granting of the motion *in limine* was erroneous. Defendants' second assignment of error is overruled.

In their final assignment of error, the defendants contend that they were entitled to a judgment of acquittal under Crim.R. 29. They argue that the state failed to prove the essential element of trespass that they remained on the clinic's property "without privilege." However, the clinic's director

addressed this very issue. When unrebutted, her testimony was sufficient evidence for reasonable minds to conclude that this element had been proved beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184.

Smith's additional argument is that his merely "going limp" did not establish that he resisted or interfered with his arrest by force, as allegedly required by R.C. 2921.33. However, R.C. 2921.33 states that the resistance or interference may be *either* reckless *or* by force. The reasonable and natural construction of R.C. 2921.33 prohibits physical activity which prevents or delays an arrest, and as expressed in the Committee Comment thereto, the term "reckless" specifically includes "going limp." See *Athens v. Bromall* (1969), 20 Ohio App.2d 140, 149, 49 O.O.2d 166, 172, 252 N.E.2d 298, 304 (Stephenson, J., concurring). Defendants' third assignment is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and GORMAN, JJ., concur.