THE STATE, EX REL. PIZZA, PROS. ATTY., APPELLANT, *v.* RAYFORD, APPELLEE.

[Cite as *State, ex rel. Pizza, v. Rayford* (1992), 62 Ohio St.3d 382.]

(No. 90–2068—Submitted October 23, 1991—Decided January 8, 1992.)

*Anthony G. Pizza,* Prosecuting Attorney, *Steven J. Papadimos* and *Mark E. Lupe,* for appellant.

*Arnold N. Gottlieb,* for appellee.

WRIGHT, J.   Does the failure of a court of common pleas, in contravention of R.C. 3767.04, to hold a preliminary injunction[1] hearing in a nuisance abatement action within ten days of plaintiff's application for the same result in reversible error?   For the reasons that follow, we answer that question in the negative, reverse the decision of the court of appeals, and reinstate the judgment below.

---

1.  R.C. 3767.04, adopted in 1917 as G.C. 6212–4 (107 Ohio Laws 514), uses the term "temporary injunction" rather than the equivalent term "preliminary injunction" as found in Civ.R. 65.   For purposes of this opinion, we will refer to the interlocutory relief requested by the state as a preliminary injunction, in accordance with current practice (see both the Ohio and Federal Rules of Civil Procedure).

R.C. 3767.04 is directed, in part, to the time frame in which a court in a nuisance action must hold a hearing on an application for a preliminary injunction to abate the nuisance until a full hearing on the underlying complaint. The relevant portion of the statute requires the court to hold a hearing "within ten days after the filing" of the application for a preliminary injunction.[2] In this action, it is clear that the trial court failed to meet that statutory standard.

In spite of the plain language in the statute, appellant urges us to hold that Civ.R. 65, not the statute, controls the time by which the court must act. Appellant argues that the expiration of the temporary restraining order, not the statutory ten-day period, was the critical point by which the court was required to hold the hearing, and that because the court held the hearing prior to the expiration of the TRO, the court did not err. We decline to adopt that reasoning.

Appellant confuses the relationship between two entirely independent forms of relief, namely the preliminary injunction and the *ex parte* TRO. Although the statute suggests that an application for a preliminary injunction is a prerequisite to the issuance of an *ex parte* TRO preventing interference with the property alleged to be a nuisance, the date upon which the preliminary injunction hearing must be set is wholly separate from the expiration of the TRO. Moreover, because a petitioner is not required to apply for a TRO, the duration of such an order could not possibly serve as a benchmark by which the hearing date on a motion for a preliminary injunction should be set.

Although it is clear that the trial court erred in failing to hold a hearing within ten days of the application for the preliminary injunction as directed by the statute, we nevertheless conclude it did retain jurisdiction over the hearing that it held four days later. Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, " * * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *." *Sheldon's Lessee v. Newton* (1854), 3 Ohio St. 494, 499. Accord *Weinberger v. Weinberger* (1974), 43 Ohio App.2d 129, 131, 72 O.O.2d 325, 326, 334 N.E.2d 514, 516. As several courts in this state have recently held, the mere failure of an adjudicatory body to comply with a statutory time limit does not, as a general rule, divest it

---

2. We note that the statutory language is somewhat unclear in that the "filing" referred to in the statute could refer to either the filing of the petition seeking the nuisance abatement or the application for the preliminary injunction. In this particular case, because both filings were made on the same day, the distinction is not relevant. We do believe, however, that in other situations the statute would require the court to hold a preliminary injunction hearing within ten days from the date the application for such relief was filed.

of its jurisdiction. See, *e.g., In re Appeal of Gardner* (1987), 40 Ohio App.3d 99, 531 N.E.2d 741 (failure of the civil service commission to hold a hearing within the statutory time limit did not deprive the commission of jurisdiction to hold the hearing); *State, ex rel. Pontiac Motor Div., General Motors Corp., v. Motor Vehicle Dealers Bd.* (Nov. 29, 1984), Franklin App. No. 84AP-550, unreported, 1984 WL 6009 (board's failure to hold hearing in a timely manner was error, but did not result in an automatic divestiture of its jurisdiction); *State, ex rel. Vernon Place Extended Care Ctr., Inc., v. Certificate of Need Review Bd.* (Aug. 11, 1983), Franklin App. No. 82AP-1044, unreported, 1983 WL 3650 (state board not ousted of jurisdiction by failing to hold hearing within statutory time frame). The reasoning embodied in those cases applies here as well, and we hold that the court did not lose its jurisdiction to hear appellant's preliminary injunction application.

We hold that it was improper for the court of appeals to have reversed the trial court based upon this procedural matter. Under R.C. 2309.59, a court of appeals is precluded from reversing a trial court's decision unless the complaining party's rights have been substantially impaired. Although R.C. 3767.04 confers a right upon both parties to have the matter resolved in a timely manner,[3] we discern no prejudice to the appellee (or the appellant) from the lower court's four-day delay.

The record reflects that Rayford attended the preliminary injunction hearing, and at the permanent injunction hearing, represented by counsel, he was given the opportunity to present evidence on his behalf—an opportunity he declined. Furthermore, at the commencement of the action, the court properly granted the state's request for a TRO that resulted in the closing and padlocking of the property in question, to preclude appellee and others from interfering with the property until the preliminary injunction hearing. In

---

3. Appellant suggests that the statute's ten-day provision was adopted only for the benefit of the petitioner, and asserts that only the petitioner would have the right to complain of delay in the scheduling of a preliminary injunction hearing. Indeed, in an action where a complainant's request for a TRO is not granted, only he (and the public) will suffer from a delay in abating the nuisance if the court fails to hold the preliminary injunction hearing within the statutory period and if the complainant subsequently is successful at the preliminary injunction stage.

Under certain circumstances, however, a respondent could also be prejudiced as a result of delay, and in that instance adherence to the statute would inure to his benefit. For example, in an action where the court grants a TRO, the respondent will suffer from a delay in his ability to enter, occupy, lease, sell or otherwise dispose of the property restrained if the preliminary injunction hearing is not timely held and if respondent subsequently defeats the action at the preliminary injunction stage. Although these scenarios will, in all likelihood, occur infrequently, it can be seen that prejudice can occur to either party from a court's failure to abide by the time limit set forth in R.C. 3767.04. Thus, the right to have timely adjudication of the preliminary injunction application is a right both parties can expect to have enforced.

accordance with Civ.R. 65, that TRO was set to expire on April 17, 1989, the date the preliminary injunction hearing was held, unless the court renewed the order for an additional fourteen-day period.[4] Thus, in this instance, even if the preliminary injunction hearing had been held four days earlier, the length of time Rayford was excluded from his property would not have changed. Only the character of the order excluding him from the property would have changed, from a TRO to a preliminary injunction. Thus, in this action neither party was prejudiced by the court's delay and, accordingly, we find it was error for the court of appeals to reverse the trial court's judgment.

Our decision should not be construed as condoning the failure of the court of common pleas to hear the application for preliminary injunction within the time set forth in R.C. 3767.04. To the contrary, under different circumstances a court might be subject to an action by either party in mandamus or procedendo to compel a hearing if one is not held within the statutory ten-day period. We emphasize that action by writ, rather than by appeal, is the appropriate mechanism for addressing a court's failure to schedule a preliminary injunction hearing within the time limit mandated by R.C. 3767.04, when there has been no prejudice to the party seeking the hearing.

For the reasons stated above, we conclude that it would be contrary to law to require a new preliminary or permanent injunction hearing in order to remedy the court's failure to abide by the scheduling requirements of R.C. 3767.04. The trial court had jurisdiction to receive evidence on the state's motion for preliminary injunction, and the court did not err in relying upon that evidence in deciding the merits of the nuisance abatement action. Thus, we reverse the judgment of the court of appeals and reinstate the judgment of the court of common pleas.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

---

4. Under Civ.R. 65(A), a temporary restraining order is effective for up to fourteen days, subject to renewal for one additional term of fourteen days. If renewed, a TRO absolutely expires twenty-eight days from its original issuance unless the adverse party consents to a longer term.