**The STATE ex rel. GALASSO, Appellant,**

v.

**COLUMBUS CIVIL SERVICE COMMISSION, Appellee.**

[Cite as *State ex rel. Galasso v. Columbus Civ. Serv. Comm.* (1992), 78 Ohio App.3d 107.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–741.

Decided Jan. 30, 1992.

*Robert P. DiRosario,* for appellant.

*Ronald J. O'Brien,* City Attorney, *Marcee C. McCreary,* City Prosecutor, and *Traci A. Vinson,* Assistant City Prosecutor, for appellee.

McCormac, Judge.

Appellant, John Galasso, appeals from the judgment of the Franklin County Court of Common Pleas dismissing his complaint for a writ of mandamus, mandatory injunction, and declaratory judgment filed against appellee, Columbus Civil Service Commission ("commission").

Galasso was employed by the city of Columbus as a police officer. In March 1990, the division of police commenced an investigation into allegations of misconduct on Galasso's part. At that time, Galasso was reassigned from cruiser patrol to restricted desk duty and was ordered to surrender his weapon, badge, and ID card. Galasso was never suspended, nor was his pay reduced. The department's investigation culminated on May 17, 1990, when Galasso was served with three separate letters outlining thirteen different charges against him. A hearing on the charges was scheduled for June 18, 1990, before the director of public safety; however, after continuances, the hearing was ultimately held on November 1, 1990.

On December 5, the director issued his decision recommending that Galasso's employment with the city be terminated. The following day, Galasso filed his appeal with the commission. On February 21, 1991, Galasso was informed by the commission that his appeal would come on for hearing before a trial board on March 19. On March 14, Galasso instituted this mandamus action in the Franklin County Court of Common Pleas. By his amended complaint, Galasso sought a writ of mandamus and injunction compelling the commission to grant his appeal and reinstate him to his former position. Galasso also sought a declaration that the commission's failure to grant him a hearing within ten days of the filing of his appeal was a violation of Section 149–1 of the Columbus City Charter.

After taking evidence on the matter, the trial court dismissed Galasso's complaint and denied any and all relief. It is from this judgment that Galasso appeals.

Galasso raises the following assignments of error:

"1. That the decision dated June 12, 1991 and the judgment entry dated June 24, 1991, of the Franklin County Court of Common Pleas are contrary to law in denying appellant his request for a writ of mandamus and injunctive relief for the reason that the Civil Service Commission failed to grant him an appeal hearing within ten days of the filing of his appeal as required by Section 149-1 of the Columbus City Charter.

"2. That the decision dated June 12, 1991 and the judgment entry dated June 24, 1991, of the Franklin County Court of Common Pleas are contrary to law in denying appellant his request for a writ of mandamus and injunctive relief for the reason that he was denied a hearing by the chief of police as required by Section 108 of the Columbus City Charter and accordingly the director of public safety was without jurisdiction to discipline him.

"3. That the decision dated June 12, 1991 and the judgment entry dated June 24, 1991, of the Franklin County Court of Common Pleas are contrary to law in denying appellant his request for a writ of mandamus and injunctive relief for the reason that he was denied a hearing within five days before the director of public safety as required by Section 108 of the Columbus City Charter."

█ Before addressing Galasso's assignments of error, we are first presented with the commission's motion to dismiss. The commission contends that a hearing was held on Galasso's charges on July 22, 1991, and, therefore, that this appeal has been rendered moot. Our review of Galasso's amended complaint shows that this action requests relief in addition to what the commission can afford. By this action, Galasso requests not only reinstatement, which the commission might also grant, but a declaration of the jurisdiction of the commission based upon an interpretation of the Columbus City Charter. The additional relief, which Galasso requests, did not become moot as a result of the hearing and, hence, the commission's motion is overruled.

By his first assignment of error, Galasso contends that the trial court erred by concluding that the commission was not required to grant him a hearing within ten days of the filing of his appeal. Galasso's argument is predicated on Section 149-1 of the Columbus City Charter, which reads in pertinent part:

" * * * [A]ny employee of the City of Columbus in the classified service, who is suspended, reduced in rank or compensation or discharged * * * may

appeal from such decision or order therefor, to the civil service commission * * *. The commission shall hear such appeal within ten days from and after the filing of the same with the commission * * *."

Galasso contends that the ten-day limitation period is both mandatory and jurisdictional. Galasso cites no authority in support of his contentions, and our research has revealed only one case dealing with Section 149–1. In *State ex rel. Mullins v. Columbus Civ. Serv. Comm.* (Jan. 19, 1988), Franklin App.No. 87AP–572, unreported, 1988 WL 4654, we were presented with the same argument. In affirming the trial court's dismissal of relator's action, we concluded, without discussion, that Section 149–1 did not vest relator with the clear legal right to pursue his action in mandamus based upon the ten-day limitation period. Galasso's action presents us with an opportunity to expand upon our earlier decision.

It is our conclusion that, although the provision is mandatory, it is not jurisdictional in nature. The charter provision does not provide that, if a hearing is not held within ten days, the director shall be divested of jurisdiction. Whether a charter provision is jurisdictional or not must be determined from a consideration of the entire document, and if the drafters' intent appears to be to merely provide for an orderly and prompt resolution of the proceeding, the provision will not be considered jurisdictional. *State ex rel. Smith v. Barnell* (1924), 109 Ohio St. 246, 142 N.E. 611.

The evidence before the trial court indicated that, once Galasso's appeal was filed, the commission promptly began the review and processing of his grievance. Nothing in the record suggests that the commission unreasonably delayed its handling of Galasso's appeal.

Generally, the promotion and termination of city police officers is a matter of local self-government that is regulated by city charter. *State ex rel. Canada v. Phillips* (1958), 168 Ohio St. 191, 5 O.O.2d 481, 151 N.E.2d 722; *State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 524 N.E.2d 447. While this action is controlled by the Columbus City Charter, there is support for our conclusion under case law interpreting an analogous statutory provision. R.C. 124.34 requires a hearing by the State Personnel Board of Review within thirty days of the filing of an appeal. We have previously concluded that the provision is mandatory, but not jurisdictional. *In re Appeal of Gardner* (1987), 40 Ohio App.3d 99, 531 N.E.2d 741. R.C. 124.34 is sufficiently similar to Section 149–1 of the Columbus City Charter to consider the reasoning of the *Gardner* decision persuasive, if not controlling.

The ten-day provision contained in Section 149–1 is mandatory, but is not jurisdictional; if the commission reasonably and expeditiously brings appel-

lant's notice of appeal to hearing, an action in mandamus will not lie against the commission to grant the appeal and reinstate the employee based upon the aforesaid time provision.

Galasso's first assignment of error is overruled.

Galasso's second and third assignments of error are interrelated and will be discussed together. By these assignments of error, Galasso contends that he was improperly denied a hearing before the chief of police and that he was denied a hearing before the director of public safety within five days, both of which he claims are mandated by Section 108 of the Columbus City Charter.

Section 108 provides, in part:

"Sec. 108. **Suspension in fire and police division.** The chiefs of the divisions of police and fire shall have the exclusive right to suspend any of the officers or employees in their respective divisions, for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given by the proper authority, or for any other just and reasonable cause. If any officer or employee be suspended, as herein provided, the chief of the division concerned shall forthwith in writing certify the fact, together with the cause for the suspension, to the director of public safety, who, within five days from the receipt thereof shall proceed to inquire into the cause of such suspension and render judgment thereon, which judgment, if the charge be sustained, may be suspension, reduction in rank or dismissal, and such judgment in the matter shall be final, except as otherwise hereinafter provided. * * *"

We fail to see how Section 108 supports Galasso's position. This section expressly pertains to suspensions; Galasso was not suspended by the chief. The chief's only responsibility under Section 108 is to certify a suspension to the safety director who is required to commence his investigation (not convene a hearing) within five days. Section 108 is not applicable.

Galasso's second and third assignments of error are overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Motion to dismiss overruled; judgment affirmed.*

BOWMAN, P.J., and WHITESIDE, J., concur.