DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Fulton County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12, this case is hereby assigned to our accelerated calendar.
In 1986, Schmitz was convicted of aggravated murder. He filed a timely notice of appeal which was later dismissed at his request.
On October 12, 1999, appellant filed a motion for delayed appeal pursuant to App.R. 5(A) in the Fulton County Court of Common Pleas. Appellant sought leave with the common pleas court to file a delayed notice of appeal with this court. On November 18, 1999, the trial court denied appellant's motion on the basis that appellant had previously perfected a notice of appeal in 1986. Appellant now appeals that decision.
App.R. 5(A) states:
 (A) Motion by defendant for delayed appeal. After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney."
Subject matter jurisdiction is defined generally as power of the tribunal to hear and determine a case because it is one of the class of cases over which the tribunal has power to exercise jurisdiction. In re appeal of Gardner (1987), 40 Ohio App.3d 99. It is clear from the wording in App.R. 5(A) that the Fulton County Common Pleas Court lacked subject matter jurisdiction to hear Schmitz's motion for delayed appeal as the rule specifically states that "an appeal may be taken only by leave of the court to which the appeal is taken."
In Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus, the Supreme Court of Ohio held: "A judgment rendered by a court lacking subject matter jurisdiction is void ab initio. Further, this court possesses inherent power to vacate a void judgment. Id.
Accordingly, the judgment of the Fulton County Court of Common Pleas is void ab initio and is hereby vacated. Appellant's appeal is dismissed. Costs to appellant.
 APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
JUDGE
 James R. Sherck, J., Mark L. Pietrykowski, J.
CONCUR.