[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Horace Brown, appeals the judgment of the Hamilton County Municipal Court convicting him of criminal trespass in violation of R.C. 2911.21. For the following reasons, we affirm the trial court's judgment.
 {¶ 3} On September 3, 2002, Brown was found sitting on the steps in front of a house and charged with criminal trespass. At trial, the state presented evidence that the owner of the house had told Brown, prior to September 3, 2002, that he was not permitted to sit on the steps, which were part of the private property. A Cincinnati police officer also testified that he had repeatedly told Brown, at the behest of the property owner, to stay off the steps. At the close of evidence, the trial court found Brown guilty.
 {¶ 4} In a single assignment of error, Brown now argues that the conviction was based upon insufficient evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]
 {¶ 5} R.C. 2911.21(A)(1) states that "[n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another."
 {¶ 6} In the case at bar, the conviction was based upon sufficient evidence. The state produced evidence that Brown had entered onto the steps of the residence after being repeatedly told that he was not permitted to be there. Brown argues, though, that the state failed to meet its burden of proof because it did not present evidence that the tenants of the residence had not authorized his presence.
 {¶ 7} In State v. Williams,[2] this court rejected a similar argument, holding that the state was not required to adduce evidence that all the occupants of a residence had denied access to the property. We held that a "permissible inference (that defendant lacked permission to enter the occupied structure) may be drawn from the testimony of one of the occupants specifically denying that such permission had been given."[3] We hold that the Williams rule is controlling in the instant case. And while the trial court in the case at bar enunciated that principle in terms of the defendant asserting an "affirmative defense," we find any error in that regard to be harmless. The assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winker, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] (Jan. 26, 1983), 1st Dist. No. C-820136.
[3] Id. See, also, State v. Keegan (1990), 67 Ohio App.3d 824,826-827, 588 N.E.2d 928 (unrebutted testimony of director of facility that defendant lacked permission to be on premises sufficient to prove that defendant entered the premises "without privilege").