DECISION AND JUDGMENT ENTRY
{¶ 1} Relators, Tygh M. Tone and the Erie County Bar Association, petition this court for a writ of mandamus ordering respondent, Judge Lawrence Grey, to hold an evidentiary hearing on a motion for a preliminary injunction.
 {¶ 2} The procedural facts leading to this original action are as follows.
 {¶ 3} On September 24, 2003, Kreig Brusnahan, an Erie County attorney, filed a verified complaint seeking a temporary restraining order and a preliminary injunction that would prevent the release of the results of the Judicial Performance Poll conducted by the Erie County Bar Association in 2003. Tone, as Chairman of the Erie County Bar Association's Judicial Preference and Performance Committee, is also a named defendant in the complaint. Brusnahan participated in the poll and claimed that the release of the information gathered would cause him irreparable harm. A temporary restraining order was issued on the same day, without notice to the adverse parties. The respondent scheduled October 3, 2003 as the date for the hearing on the preliminary injunction.
 {¶ 4} On October 2, 2003, the Erie County Bar Association consented to one extension of the temporary restraining order for a period of 14 days. Tone claims that he did not consent to this extension. If the extension was valid, it would extend the period in which the temporary restraining order was effective to, at the latest, the beginning of November.
 {¶ 5} On October 28, 2003, respondent again set a date, November 18, 2003, for the hearing on the preliminary injunction. No adverse party consented to an extension of the temporary restraining order on that date. On November 10, 2003, the Erie County Bar Association filed an affidavit of prejudice against respondent in the Ohio Supreme Court. Once again, the hearing on the preliminary injunction was continued. On December 12, 2003, the Ohio Supreme Court denied the Erie County Bar Association's request to disqualify respondent. Respondent then set December 30, 2003 as the date for the hearing on the preliminary injunction.
 {¶ 6} Brusnahan and thirty attorneys who sought intervention in the present action immediately filed motions to continue the hearing date. The respondent granted these motions, but failed to set a new date for the hearing.
 {¶ 7} On January 16, 2004, the Erie County Bar Association asked the court to set a hearing on the merits of the motion for a preliminary injunction immediately. Tone filed a motion for the dissolution of the temporary restraining order and a hearing on the preliminary injunction on January 23, 2004. On January 29, 2004, respondent held a "status conference" during which he indicated that he would not hold a hearing on the preliminary injunction. At some point during the proceedings, Tone stated that he never approved the continuance of the temporary restraining order; therefore, that order was null and void. Respondent instructed Tone that he was still subject to the temporary restraining order and any violation of that order would result in a contempt action.
 {¶ 8} On February 6, 2004, the trial court issued a judgment, which reads, in pertinent part:
 {¶ 9} "At a conference held on the record in this matter on January 29, 2004, it was agreed by counsel for the parties that compilation sheets could be released as is. The individual worksheets containing comments would be redone so as to show only the rating and not the comments. Therefore, there would be available to any interested party not only the compilation but the anonymous raw data used in making those compilations. Thus, the purpose for the TRO as originally granted has been met and the order should terminate."
 {¶ 10} Despite this judgment, respondent, sua sponte, continued the temporary restraining order until March 3, 2004, the day after the Democratic party primary in Erie County. No adverse party consented to an extension of the temporary restraining order on that date. The court based its ruling on the Erie County Bar Association's by-laws, which state: "The evaluations are meant to be done in off-election years." (Emphasis added.) The court apparently read this sentence to mean that the results of the judicial evaluations could not bepublished in election years.
 {¶ 11} Relator Tone then filed his petition for writ of mandamus. The Erie County Bar Association filed a motion to intervene as a co-relator. That motion was granted by this court. Respondent's motion to dismiss the petition for writ of mandamus was denied. For the following reasons, relators' petition for a writ of mandamus is granted.
 {¶ 12} A writ of mandamus is an extraordinary remedy. To be entitled to a writ of mandamus, a relator must establish a clear legal right to the relief requested, a clear legal duty to perform the requested act on the part of the respondent, and that the relator has no plain and adequate remedy at law. State exrel. Crabtree v. Ohio Bur. of Workers' Comp. (1994),71 Ohio St.3d 504, 510.
 {¶ 13} Civ.R. 65(A) provides that a temporary restraining order may be granted without written or oral notice to the adverse party or his attorney if (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate, irreparable harm, loss or injury will result to the applicant before the adverse party or his attorney can be heard in opposition; and (2) the applicant's attorney certifies to the court, in writing, the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required.
 {¶ 14} The rule further reads that a temporary restraining order issued without notice:
 {¶ 15} "* * * shall expire by its terms within such time after entry, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, and for good cause shown, is extended for one like period, or unless the party [or parties] against whom the order is directed consents that it may be extended for a longer period." The Ohio Supreme Court, in interpreting Civ.R. 65(A), held:
 {¶ 16} "[A] temporary restraining order is effective for up to fourteen days, subject to renewal for one additional term of fourteen days. If renewed, a TRO absolutely expires
twenty-eight days from its original issuance unless the adverse party consents to a longer term." (Emphasis added.) State exrel. Pizza v. Rayford, 62 Ohio St.3d at 386 fn. 4.
 {¶ 17} Additionally, in cases where a temporary restraining order is issued without notice, the rule mandates that the trial court shall set down the hearing on the motion for a preliminary injunction at the earliest possible time, and it takes precedence over all matters except older matters of the same character. Civ.R. 65(A). The rule further provides that when the motion comes on for hearing, the party who obtained the temporary restraining order shall proceed with the application for the preliminary injunction. If he does not do so, the court is required to dissolve the temporary restraining order. Id.
 {¶ 18} Therefore, respondent was required to hold a hearing on the motion for a preliminary injunction at the earliest possible time. Id. The right to a timely adjudication of a motion for a preliminary injunction is a right that both parties can expect to have enforced. State ex rel. Pizza v. Rayford (1992),62 Ohio St.3d 382, 384 n. 3. Conversely, a trial judge, therefore, has a legal duty to adjudicate such a motion. Further, no adequate remedy at law, specifically, an appeal, exists for relators. Thus, a petition for a writ of mandamus is the proper procedural vehicle to employ in enforcing that right. Id.
 {¶ 19} Here, respondent clearly failed to comply with the requisites of Civ.R. 65(A) by failing to hold a timely hearing on the motion for a preliminary injunction. Moreover, the record reflects that Attorney Brusnahan never proceeded as required and that the court, rather than dissolve the order, granted his request for a continuance. Furthermore, the record of this cause indicates that the respondent was of the opinion that the temporary restraining was effective throughout the pendency of the underlying case. To the contrary, based on that record, the temporary restraining order expired, at the earliest, at the end of the extension granted to the Erie County Bar Association or, at the latest, on February 6, 2004, the date that the trial court impermissibly extended the restraining order without the consent of the adverse parties.
 {¶ 20} Accordingly, relators' petition for a writ of mandamus is granted, and we order that a writ shall issue compelling respondent to hold an evidentiary hearing on the motion for a preliminary injunction. Furthermore, because the temporary restraining order is no longer in effect by operation of law, nothing prevents the relators from proceeding in this matter as they wish. Respondent is ordered to pay the costs incurred in this action. Any motions pending before this court are found moot.
Writ Granted.
Handwork, P.J., Knepper, J., and Lanzinger, J. Judges, Concur.