OPINION
{¶ 1} Defendant-appellant Michael R. Anderson appeals his conviction and sentence in the Ashland Municipal Court on one count of Cruelty to Animals a misdemeanor of the second degree in violation of R.C. 959.13.
 {¶ 2} On January 11, 2004 Sergeant Timothy Kitts responded to a call concerning a horse that was found roaming and a second horse that was found dead inside a barn. (T. at 5). Sergeant Kitts issued a summons and complaint to appellant for a violation of R.C. 959.13. The summons contained the following language "COMPLAINT The undersigned issuing officer says that the person whose name appears above did on the 11th day of January 2004 at 6:26 p.m. did unlawfully Torture an animal, deprive one of necessary sustenance, unnecessarily or cruelly beat, needlessly mutilate or kill, or impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water to wit: The defendant did not water a horse or feed it or care for it properly resulting in the horse having to be euthanized contrary to and in violation of Revised Code # 959.13 . . ." The summons notified appellant to appear in the Ashland Municipal Court at 9:00 a.m. on January 14, 2004 and advised appellant of the consequences of his failure to appear. Sergeant Kitts signed the summons and gave appellant a copy.
 {¶ 3} On January 12, 2004 Sergeant Kitts filed a sworn copy of the complaint with the municipal court. (T. at 4-5).
 {¶ 4} The appellant received via his telephone requests two continuances of his initial appearance. Appellant was arraigned and entered a not guilty plea on January 28, 2005. On March 17, 2005 appellant, through counsel, filed a demand for a jury trial. A jury trial was scheduled for April 27, 2005. On April 25, 2005 the jury trial was changed to a "Change of Plea" hearing.
 {¶ 5} On April 27, 2005 appellant, with counsel, entered a plea of no contest to the charge. The trial court found appellant guilty and deferred sentencing to June 7, 2005.
 {¶ 6} On June 7, 2005 the trial court conducted a sentencing hearing and sentenced appellant to serve ninety (90) days in the Ashland Count Jail. The trial court suspended sixty (60) of the jail days and placed appellant on probation for one (1) year. Appellant was further ordered to pay $330.00 in restitution.
 {¶ 7} On June 20, 2005, appellant, through counsel, filed a Motion to Vacate the Sentence. Appellant argued that his conviction and sentence were void because he was not served with a copy of the sworn complaint. The trial court conducted an evidentiary hearing on appellant's motion on July 6, 2005. The trial court overruled appellant's motion on July 8, 2005.
 {¶ 8} Appellant timely appealed and has raised for his sole assignment of error:
 {¶ 9} "I. THE JURAT PORTION OF THE COMPLAINT WAS NOT PROPERLY COMPLETED AND THE COURT LACKED JURISDICTION AS A RESULT AND THE CONVICTION IS VOID.
 I. {¶ 10} In his sole assignment of error appellant maintains that the trial court lacked jurisdiction in appellant's case because appellant was not served with a sworn copy of the complaint. We disagree.
 {¶ 11} Appellee, the state of Ohio has not filed a brief in this matter. Therefore, we may accept appellant's statement of facts and issues as correct and reverse the judgment if that action reasonably appears to be supported by appellant's brief. App.R. 18(C). State v. Caynor (2001), 142 Ohio St.3d 424, 426,2001-Ohio-3298, 755 N.E.2d 984, 986; State v. Myers (1997),119 Ohio App.3d 642, 645, 695 N.E.2d 1226, 1228.
 {¶ 12} "The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts. (Lincoln Tavern v. Snader
[1956], 165 Ohio St. 61, 59 O.O. 74, 133 N.E.2d 606, paragraph one of the syllabus, and Westmoreland v. Valley Homes Corp.
[1975], 42 Ohio St.2d 291, 294, 71 O.O.2d 262, 264,328 N.E.2d 406, 409, approved and followed.)" Patton v. Diemer (1988),35 Ohio St.3d 68, 518 N.E.2d 941, para. 4 of the syllabus.
 {¶ 13} The Ohio Supreme Court has explained the concept of jurisdiction. "`Jurisdiction' means `the courts' statutory or constitutional power to adjudicate the case.' (Emphasis omitted.)Steel Co. v. Citizens for a Better Environment (1998),523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210; Morrison v. Steiner
(1972), 32 Ohio St.2d 86, 87, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. The term encompasses jurisdiction over the subject matter and over the person. State v. Parker,95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting). Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. United Statesv. Cotton (2002), 535 U.S. 625, 630, 122 S.Ct. 1781,152 L.Ed.2d 860; State ex rel. Tubbs Jones v. Suster (1998),84 Ohio St.3d 70, 75, 701 N.E.2d 1002. It is a `condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' Id.; Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus.
 {¶ 14} "The term `jurisdiction' is also used when referring to a court's exercise of its jurisdiction over a particular case. See State v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833,769 N.E.2d 846, ¶ 20 (Cook, J., dissenting); State v. Swiger
(1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. "`The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.' "Parker at ¶ 22 (Cook, J., dissenting), quoting Swiger, 125 Ohio App.3d at 462, 708 N.E.2d 1033. "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, `* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.' "State ex rel. Pizza v. Rayford (1992),62 Ohio St.3d 382, 384, 582 N.E.2d 992, quoting Sheldon's Lessee v.Newton (1854), 3 Ohio St. 494, 499". Pratts v. Hurley (2004),102 Ohio St.3d 81, 83-84, 2004-Ohio-1980 at ¶ 12, 806 N.E.2d 992,996.
 {¶ 15} Pursuant to R.C. 1901.20 (A) (1), a municipal court is authorized to adjudicate alleged violations of any misdemeanor committed within the limits of its territory. State v. Davis,
Montgomery App. No. 19540, 2003-Ohio-4584. Appellant does not dispute that his case was properly filed in Ashland Municipal Court. However he contends that the service of a sworn copy of the complaint is a necessary prerequisite in the municipal court that must be followed in order for the trial court to acquire subject-matter jurisdiction in the case.
 {¶ 16} In the case at bar, appellant was summoned in lieu of arrest. (T. at 5). Crim R 4 Warrant or summons; arrest, states in relevant part: "(A) (3) By law enforcement officer without awarrant. In misdemeanor cases where a law enforcement officer is empowered to arrest without a warrant, the officer may issue a summons in lieu of making an arrest, when issuance of a summons appears reasonably calculated to ensure the defendant's appearance. The officer issuing the summons shall file, or cause to be filed, a complaint describing the offense. No warrant shall be issued unless the defendant fails to appear in response to the summons, or unless subsequent to the issuance of summons it appears improbable that the defendant will appear in response to the summons". Crim. R. 4 further provides: "(C) (2) Summons.
The summons shall be in the same form as the warrant, except that it shall not command that the defendant be arrested, but shall order the defendant to appear at a stated time and place and inform the defendant that he or she may be arrested if he or she fails to appear at the time and place stated in the summons. A copy of the complaint shall be attached to the summons, except where an officer issues summons in lieu of making an arrest without a warrant, or where an officer issues summons after arrest without a warrant". A summons may be served personally upon a defendant. Id. at (D) (3).
 {¶ 17} In the case at bar, the officer issued the summons in lieu of making an arrest; therefore a sworn copy of the compliant was not required to be served at that time. Crim. R. 4(A) (3). The trial court obtained jurisdiction of the appellant by the filing of the sworn complaint on January 12, 2005. The filing of the complaint satisfied subject-matter jurisdiction. State v.Jones (1991), 76 Ohio App.3d 604, 605, 6032N.E.2d 751, 752. Whether or not the summons was proper is immaterial since the appellant appeared, was arraigned, and pleaded to the charge. The court then acquired jurisdiction over the person of the appellant and any objection to the form of the summons was waived. Statev. Villagomez (1974), 44 Ohio App.2d 209, 211, 337 N.E.2d 167,169; State v. Keegan (1990), 67 Ohio App.3d 824, 826, 588 N.E.2d 928,929. In Simpson v. Maxwell (1964), 1 Ohio St.2d 71,72, 203 N.E.2d 324, 3243-25, the Ohio Supreme Court said: "[T]he jurisdiction of a trial court is invoked by a valid indictment or information and is not dependent upon the validity of the process by which the accused is originally apprehended." See State v.Keegan (1990), 67 Ohio App.3d 824, 588 N.E.2d 928; Cincinnativ. Arentsen (Apr. 18, 1990), Hamilton App. No. C8-90173, unreported, 1990 WL 313005; State v. McQueen (June 21, 1989), Hamilton App. No. C-880348, unreported, 1989 WL 65738.
 {¶ 18} Appellant's sole assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Ashland County Municipal Court is affirmed.
Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Municipal Court is affirmed. Costs to appellant.