Jones, Oliver B., J.
This action below was one brought in the court of common pleas seeking to enjoin defendant in error, C. E. Smithson, from causing an execution to issue upon a certain judgment taken against plaintiff in error before J. A. Saunier, a justice of the peace in and for Jefferson township, Clinton county, Ohio.
The petition states that Clayton Cluxton was on the 19th of March, 1913, and for many years prior thereto, a resident and freeholder of Clark township, Clinton county; that there were then two' justices of the peace duly elected, qualified and acting as such in said Clark township, neither of whom was interested in the controversy or disqualified under the terms of Clause 3 of Section 10225, General Code, and therefore not competent to try the cause; and that notwithstanding said fact the de *483 fendant filed with J. A. Saunier, justice of the peace of Jefferson township, a certain bill of particulars against plaintiff claiming a money judgment for violation of a contract and upon an account for work and labor. It appears further from the petition that the justice of the peace made an entry in said case upon his docket, stating that it appeared to his satisfaction that the defendant (Cluxton) was a resident of Clark township of said county, which is an adjoining township to Jefferson township, and that there was no justice of the peace in said Clark township competent to try said cause, and that he therefore took jurisdiction of said cause.
A summons was duly issued and served upon the defendant in that action, and although the entire proceedings are not set out in the petition in this action enough is stated to make it appear that certain continuances were had from time to time in said cause, some of which were by the act of the defendant, Cluxton; and that afterwards defendant there filed a motion seeking to dismiss the action because of the want of jurisdiction of said justice of the peace for the reason that defendant was then a freeholder and not a resident of Jefferson township, and did not come within any of the exceptions contained in Sections 10224 and 10225, General Code.
This motion was overruled by the magistrate and further proceedings were had which resulted in a judgment against the defendant, who then brought this suit seeking to enjoin execution under said judgment, and to have such judgment set aside and held for naught.
*484 A demurrer to the petition was sustained in the court below, and judgment was entered in favor of the defendant. Error is prosecuted here to reverse that judgment.
The facts set out in the petition as above stated satisfy the court that Cluxton entered a general appearance consenting to continuance before the filing of his motion in the justice’s court to dismiss for want of jurisdiction, and therefore conferred jurisdiction of his person upon the magistrate. The subject-matter of the action was one over which the court had jurisdiction, and the appearance without objection to that jurisdiction at the time the continuance was arranged for gave the justice jurisdiction of the person. In P., C. & St. L. Ry. Co. v. Fleming, 30 Ohio St., 480, the second clause of the syllabus is as follows:
“Where the subject of the action is within the jurisdiction of a justice of the peace, and the parties appear before such nearest justice, agree upon a day of trial, which is assented to by the justice, and, thereupon the defendant demands a jury, which is awarded him, he thereby waives all objection to the jurisdiction of such justice to try the case.”
The finding made by the magistrate iipon which he took jurisdiction, which is set out in full in the petition, should have stated the reasons why neither of the two magistrates in Clark township was then competent to try said cause. But under the liberal construction that is allowed to the record of an inferior court, in reviewing its proceedings, this clause might itself be considered sufficient, so long as reasons contrary to the finding of the jus *485 tice do not appear upon the record. Beebe v. Scheidt, 13 Ohio St., 406, 416, and McCurdy v. Baughman, 43 Ohio St., 78.
The defendant before the magistrate, to preserve his rights, could have introduced evidence showing the competency of one of said magistrates of Clark township, to support his motion, and could have brought error proceedings from the court of the justice of the peace to the common pleas court and have thus procured a reversal of any judgment entered against him; having failed to pursue this right under the law equity will refuse him a remedy.
“The authority of a magistrate cannot be collaterally attacked. A resident householder of one township being sued before a magistrate in another township, going to trial on the merits of the case without objection to the jurisdiction of the magistrate over him, will be taken to have waived his right to so object.” Caldwell v. High, 6 W. L. B., 201.
The demurrer to the petition was' properly sustained, and the judgment is affirmed.

Judgment affirmed.

Jones, E. H., and Gorman, JJ., concur.