**COLUMBUS (City), Plaintiff-Appellee, v. GLENN, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4463.   Decided October 4, 1950.

Richard W. Gordon, City Atty., Walter W. Grelle, Jr., Asst. City Atty., Columbus, for plaintiff-appellee.

Isadore Margulis, Columbus, for defendant-appellant.

**OPINION**

By MILLER, PJ.

The defendant-appellant, Earl Glenn, was convicted in the Municipal Court of Columbus, Ohio, on the charge of driving a motor vehicle while under the influence of intoxicating liquor. One of the errors urged by the appellants is that the arrest was illegal and for this reason the Court erred in overruling the defendant's plea in abatement.

The record discloses that the defendant was involved in an automobile accident; that a police officer arrived at the scene thereafter; that he questioned the appellant who admitted that he had been driving the car. The officer further testified that the appellant was intoxicated. He thereupon made the arrest but the affidavit was not filed until approximately four days later. The arrest was authorized by §13432-1 GC, the defendant being found by the officer in a state of intoxication and admitting that he was the driver of the automobile. The fact that he was found in a state of intoxication was sufficient to warrant the officer to make the arrest. Whether or not any charges were ever filed would not go to the arrest ab initio.

It is our conclusion that the arrest in this instance was not illegal.

The next question presented is whether or not the Court could acquire jurisdiction since the affidavit was not filed until four days after the arrest. **Sec. 13432-3 GC** requires that under such circumstances the complaint must be filed without unnecessary delay. Even though this section of the Code was violated, but concerning which we express no opinion, the defendant would not be entitled to a dismissal of the affidavit upon the filing of a plea in abatement. Such a plea may be effectively made when there is a defect in the record shown by facts extrinsic thereto. We find no extrinsic facts warranting such a conclusion. When an arrest is legally made and lawful affidavit filed, warrant issued and the accused is in the custody of the Court it has acquired jurisdiction to adjudicate the issues made. If any of the defendant's legal rights were violated by reason of the delay he has other remedies he might pursue but not a dismissal of the charge.

The record discloses further that the defendant, without

being warned that it might be used against him, gave a specimen of his urine to the police officer, which was analyzed and admitted in evidence. This the appellant urges violated his constitutional rights. This question was only recently passed upon by the Sixth District Court of Appeals sitting by designation in this county, in the opinion of the **City of Columbus v. Van Meter, 56 Abs 400,** wherein it was held that the submission of such evidence was not prejudicial error. We concur in such holding.

We find none of the errors assigned are well taken, and the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.