THE STATE OF OHIO, APPELLEE, *v.* HATFIELD, APPELLANT.

[Cite as State v. Hatfield, 1 Ohio App. 2d 346.]

(No. 642—Decided February 9, 1965.)

*Mr. Marshall E. Peterson*, for appellee.
*Messrs. Baggott & Johnston*, for appellant.

CRAWFORD, J. Defendant, appellant herein, was convicted in County Court of operating a motor vehicle while in a state of intoxication in violation of Section 4511.19, Revised Code.

According to the evidence, a state highway patrolman found defendant at approximately 1:30 a. m. on March 19, 1963, asleep and slumped over the steering wheel of his automobile which was sitting on the soft berm on the north side of State Highway No. 35, facing west, with the rear wheels partly sunk in mud and with the motor running.

The patrolman testified that he awakened the defendant, who was alone in the car, and asked him to turn off the motor, step out of the automobile, and put the keys in his pocket, which

he did; that the patrolman detected a strong odor of alcohol on his breath; that his speech was mumbled and slurred; that he appeared tired, groggy and sleepy; that his suit was soiled, mussed and disarrayed and his tie pulled loose from his collar; that he staggered and nearly fell; that he admitted that he had been operating the automobile, but did not say when, and said he was coming from Kentucky, and had had an accident in West Virginia; and that he was placed in the patrolman's automobile and taken to the sheriff's office in Xenia.

There he was observed and interrogated, and he submitted to urinalysis and equilibrium tests. He again admitted that he had been driving the automobile, and said he had had three or four bottles of beer in West Virginia. The patrolman testified that he staggered, was unsteady and that, in his opinion, he was intoxicated and his ability to drive extremely impaired. A deputy sheriff furnished some corroboration. The coroner, who made the urinalysis, testified there was twenty-two hundredths per cent alcohol, whereas the dividing line for intoxication is fifteen hundredths per cent.

The first two assignments of error, appropriately argued together, are that the court erred in overruling defendant's motions to suppress the evidence and quash the affidavit made both prior to the trial and at the outset of the trial, and in overruling his motions to dismiss the case and suppress the evidence after the opening statement of the prosecution.

The essence of defendant's argument is that he was illegally arrested without a warrant because the offense charged, a misdemeanor, was not committed in the presence of the arresting officer as required by Section 2935.03, Revised Code, and that consequently no evidence obtained from him while under arrest may be received without violation of his constitutional rights.

It is conceded that whatever power of arrest without a warrant the patrolman had is derived from Section 5503.02, Revised Code, pertaining to the highway patrol, and Section 2935.03, Revised Code, pertaining to other law enforcement officers, which defendant agrees is also applicable.

Defendant's brief reflects diligent research and contains skillful analysis and presentation. It is argued that defendant was arrested for driving while intoxicated by an officer who did

not actually see him committing that offense. It is no answer to this contention to say that the circumstances pointed overwhelmingly to guilt.

However, the answer does lie in the fact that the defendant was "found violating a law of this state" as required in Section 2935.03, Revised Code, for he was "found in a state of intoxication," a misdemeanor under Section 3773.22, Revised Code. Therefore, it was lawful for the patrolman to arrest him. It mattered not what charge was thereafter filed or whether any charge was filed, if the original arrest was lawful. *City of Columbus* v. *Glenn* (1950), 60 Ohio Law Abs. 449; *State* v. *Williams* (1954), 98 Ohio App. 513.

In each of these cases cited there is a syllabus indicating that a police officer may arrest without a warrant a person found in a state of intoxication who admits driving a motor vehicle which has been involved in a collision. However, the admission by the accused that he was operating a motor vehicle is not necessary to authorize the arrest. As stated by Judge Miller in the opinion in *Columbus* v. *Glenn, supra,* "The fact that he was found in a state of intoxication was sufficient to warrant the officer to make the arrest. Whether or not any charges were ever filed would not go to the arrest ab initio. It is our conclusion that the arrest in this instance was not illegal."

If one is found by a police officer committing a misdemeanor, he may be lawfully arrested, charged with that or any other misdemeanor, or charged with no offense whatsoever, without the arrest being thereby rendered illegal. Many an offender has been lawfully apprehended for a minor traffic violation and found upon examination to be guilty of another offense or offenses, either felonies or misdemeanors, and either related or unrelated to the misdemeanor witnessed by the officer and justifying the original arrest. If other misdemeanors are thus discovered, the offender enjoys no immunity from prosecution for them because they were not committed in the presence of the arresting officer. If the initial arrest was lawful he has suffered no deprivation of his rights.

The third assignment of error is that the evidence was insufficient to justify the conviction. The circumstantial evidence was strong and justified acceptance into evidence of defendant's

admissions. There was ample evidence to support the conviction.

The defendant apparently had a good record, and commented after his conviction that he was tired and sleepy and that the right thing to do was to pull over to the side of the road and go to sleep, that if he had kept on going he would probably have gotten home. Whatever sympathy defendant's predicament may evoke, questions of policy are for others than the court to decide.

No error prejudicial to the defendant appearing in the record, the judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.