The STATE of Ohio, Appellee,

v.

JONES, Appellant.

[Cite as *State v. Jones* (1991), 76 Ohio App.3d 604.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–910139 and C–910140.

Decided Dec. 18, 1991.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *L. Susan Laker,* for appellee.

*Jim Rimedio,* for appellant.

*Per Curiam.*

This cause came on to be heard upon the appeals, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the transcript of the proceedings, and the briefs and arguments of counsel. We have *sua sponte* removed this case from the accelerated calendar and placed it on the regular calendar of this court.

■ The defendant-appellant, Dale Jones, appeals his convictions for driving under the influence of alcohol and resisting arrest. In his single assignment of error he contends that the trial court erroneously overruled his motion to dismiss in which he asserted that the trial court lacked jurisdiction of his person. The assignment of error is not well taken.

The prosecution and defense submitted the motion to dismiss to the trial court for decision upon a stipulation of facts in which they agreed that following the defendant's arrest without a warrant, police officers transported the defendant to jail. The arresting officers completed and signed a complaint for resisting arrest and an Ohio uniform traffic ticket, and the clerk issued warrants which were to be served on the defendant by the sheriff. Before service was made, however, the defendant was released from custody and instructed to appear later that same morning in the Hamilton County Municipal Court. As instructed, the defendant was present at the initial appearance and requested a continuance to obtain counsel. He also endorsed an entry waiving his speedy-trial rights. The trial court overruled the defendant's motion to dismiss, and the defendant then entered pleas of no contest to both charges.

■ The defendant concedes that the filing of the complaint and traffic ticket satisfied subject-matter jurisdiction, but he argues that a prerequisite to the trial court's jurisdiction of his person is service of the complaint and traffic ticket upon him. The argument is contrary to the longstanding rule

that a legal arrest of the accused together with the filing of a valid complaint upon which a warrant is issued subjects the accused to a municipal court's jurisdiction. *Columbus v. Glenn* (1950), 60 Ohio Law Abs. 449, 102 N.E.2d 279; 26 Ohio Jurisprudence 3d (1981), Criminal Law, Sections 657, 660. The trial court's jurisdiction is expressly set forth in R.C. 1901.02 and 1901.20, which provide that the Hamilton County Municipal Court has jurisdiction of misdemeanors and traffic offenses occurring within its territorial jurisdiction. In *Simpson v. Maxwell* (1964), 1 Ohio St.2d 71, 72, 30 O.O.2d 40, 40, 203 N.E.2d 324, 324–325, the Ohio Supreme Court said: "[T]he jurisdiction of a trial court is invoked by a valid indictment or information and is not dependent upon the validity of the process by which the accused is originally apprehended." See *State v. Keegan* (1990), 67 Ohio App.3d 824, 588 N.E.2d 928; *Cincinnati v. Arentsen* (Apr. 18, 1990), Hamilton App. No. C–890173, unreported, 1990 WL 313005; *State v. McQueen* (June 21, 1989), Hamilton App. No. C–880348, unreported, 1989 WL 65738.

■ The defendant, in claiming that his right to due process was violated, maintains that the prosecution was never instituted because: (1) Crim.R. 4(D) and Traf.R. 3 require that the warrant and complaint or traffic ticket be served upon an accused as soon as possible, and (2) R.C. 2901.13(E) requires "reasonable diligence" in the execution of a warrant. However, he fails to explain satisfactorily why service of process is an additional requirement of jurisdiction of his person when the accused has been legally arrested and charged under a valid complaint in view of the case law to the contrary. The defendant also ignores a second fundamental principle which provides that matters of practice and procedure, contained in a court rule, cannot modify, enlarge, or limit a substantive definition of jurisdiction. *Alexander v. Buckeye Pipe Line Co.* (1977), 49 Ohio St.2d 158, 3 O.O.3d 174, 359 N.E.2d 702; cf. *Toledo v. Williams* (Jan. 18, 1991), Lucas App. No. L–89–340, unreported, 1991 WL 3811.

■ The final flaw in the defendant's argument results from his own conduct. The defendant waived any objection after he voluntarily submitted to the trial court's jurisdiction at the initial appearance, when he requested a continuance and endorsed an entry extending speedy-trial limits. See *Cluxton v. Smithson* (1915), 6 Ohio App. 482.

The assignment of error is overruled, and the judgments of the trial court are affirmed.

*Judgments affirmed.*

GORMAN, P.J., SHANNON and KLUSMEIER, JJ., concur.