JOURNAL ENTRY AND OPINION
Defendant-appellant, Andrew J. Sadowski, appeals the judgment of the Lyndhurst Municipal Court, which accepted his plea of no contest and convicted him of driving under the influence and driving while impaired, in violation of Sections 434.01 (A) (1) and 434.01 (A) (3) of the Cod. Ord. of the City of Lyndhurst. Appellant contests the trial court's subject matter jurisdiction of this matter. He also contends that the trial court erred in denying his motion to suppress the evidence against him, asserting that there were insufficient facts to justify the investigatory stop that led to his arrest. For the reasons that follow, we reverse.
The record reveals the following facts pertinent to this appeal. Appellant was arrested on June 6, 1997 and charged with driving under the influence of alcohol and driving while impaired, in violation of Sections 434.01 (A) (1) and 434.01 (A) (3) of the Cod. Ord. of the City of Lyndhurst. Appellant pled not guilty to the charges and subsequently filed a motion to suppress evidence against him, including the results of a breathalyzer test and statements appellant made to several police officers. On February 4, 1998, the trial court held a hearing on appellant's motion to suppress.
At the suppression hearing, City of Lyndhurst Police Officer Christopher Cianciolo testified on direct examination that on June 6, 1997, at approximately 1:10 a.m., he was on routine patrol, driving through the adjoining parking lots of Alexander's and Champ's restaurants. Officer Cianciolo testified that as he was leaving the parking lot, he observed the car ahead of him, driven by appellant, exit the parking lot, turn right onto Landerbrook Drive, and then pull off to the side of the road. Officer Cianciolo testified that he stopped about fifty feet behind the car and, without turning on any emergency lights, watched the car.
Officer Cianciolo testified that he stopped and watched the car because it appeared that the car was disabled and he was "there to help." On cross-examination, Cianciolo admitted that he did not observe any improper or erratic driving prior to stopping the car and did not observe the car violate any municipal ordinance. In addition, he testified that the only reason he thought the car was disabled was because it was stopped by the side of the road.
Cianciolo also testified on cross-examination that he stopped appellant on a "through-street" that connects Cedar and Landerbrook Roads and that the road is not located within the City of Lyndhurst. Cianciolo admitted that, consequently, he arrested appellant outside of his jurisdiction.
Upon questioning by the trial court, Cianciolo testified that he arrested appellant in front of the post office on the through-street. The trial court then stated that it "would take judicial notice that that particular part of the street is in Lyndhurst, where the post office is, is in Lyndhurst."
After watching the stopped car for approximately one minute, Cianciolo pulled his cruiser directly behind it. He then activated the cruiser's emergency and overhead lights, exited his vehicle and approached the stopped car. Cianciolo testified that after appellant rolled his window down, he asked appellant what the problem was. Appellant told Cianciolo that he had stopped on the side of the road to wait for his friends to catch up with him. Cianciolo testified that while he was talking to appellant, he noticed that appellant's face was flushed and his eyes were bloodshot. Cianciolo also smelled a strong odor of alcohol on appellant's breath. He asked appellant for his driver's license and then asked him if he had been drinking that evening. Appellant admitted that he had had four to five beers earlier in the evening.
After administering several field sobriety tests to appellant, Cianciolo arrested appellant for driving under the influence of alcohol and took him to the Lyndhurst police station. In response to questioning by two police officers at the station, appellant admitted that he had been drinking and that he was under the influence of alcohol.
Officer Mark McConkle testified at the suppression hearing that he administered a breathalyzer test to appellant at approximately 1:45 a.m. on June 6, 1997. The breathalyzer test indicated that appellant had a blood alcohol level of .183.
On February 9, 1998, the trial court entered an order denying appellant's motion to suppress, finding that there was probable cause to investigate appellant's stopped vehicle because Officer Cianciolo had a reasonable suspicion that the stopped vehicle was in difficulty and likely disabled or incapable of proceeding further down the road.
On February 25, 1998, when the case was called for trial, appellant withdrew his not guilty plea and entered a plea of no contest to both charges. The trial court found appellant guilty of both charges. Appellant was fined $750 and sentenced to sixty days in jail, with fifty days suspended on the condition of two years of active probation. Appellant's driver's license was also suspended for one year. Execution of the sentence was stayed pending appeal.
At oral argument before this court, appellant, for the first time, challenged the trial court's subject matter jurisdiction. Appellant argued that the Lyndhurst Municipal Court was without jurisdiction to convict him of the charges because Officer Cianciolo arrested him outside his jurisdiction, in contravention of R.C. 2935.03. The city did not appear for oral argument and, accordingly, offered no argument in opposition.
Initially, we note that by entering a plea in a criminal proceeding, a defendant does not waive an objection to the trial court's subject matter jurisdiction. Montpelier v. Greeno (1986),25 Ohio St.3d 170, 171; State v. Hollis (1993), 91 Ohio App.3d 371, paragraph three of the syllabus. Accordingly, although appellant did not raise his jurisdictional challenge in the trial court, we will consider his argument on appeal.
R.C. 2935.03 (A) states the general rule that limits a police officer's authority to the arrest and detention of persons committing a crime within the officer's jurisdiction:
 (A) A * * * municipal police officer * * * shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision, * * * a law of this state, [or] an ordinance of a municipal corporation * * *
R.C. 2935.03 (D) provides that in certain circumstances a police officer may make an extraterritorial arrest:
 (D) If a * * * municipal police officer * * * is authorized by division (A) * * * of this section to arrest and detain, within the limits of the political subdivision, * * * a person until a warrant can be obtained, the peace officer may, outside the limits of the political subdivision, * * * pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:
 (1) The pursuit takes place without unreasonable delay after the offense is committed.
 (2) The pursuit is initiated within the limits of the political subdivision * * * in which the peace officer is appointed, employed, or elected.
 (3) The offense involved is a felony, a misdemeanor of the first degree or a substantially equivalent municipal ordinance, a misdemeanor of the second degree or a substantially equivalent municipal ordinance, or any offense for which points are chargeable pursuant to division (G) of section 4507.021
of the Revised Code.
In this case, Officer Cianciolo testified that he arrested appellant outside of his jurisdiction. After determining that Officer Cianciolo arrested appellant in front of the post office on the through-street that connects Cedar and Landerbrook Roads, however, the trial court sua sponte took judicial notice that the post office is in the City of Lyndhurst. The trial court determined, therefore, that Officer Cianciolo was not outside of his jurisdiction when he arrested appellant.
Evid.R. 201 (B) identifies those facts that may properly be the subject of judicial notice:
 A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
Although geographical facts are often accurately and readily determinable facts such that a court may properly take judicial notice of them pursuant to Evid.R. 201 (B), we hold that the trial court abused its discretion in this case by sua sponte
taking judicial notice that appellant was arrested in the City of Lyndhurst. There was no request that the trial court take judicial notice. Moreover, there is no indication that the court referred to any "source whose accuracy cannot reasonably be questioned" in making its determination that the area in front of the post office where appellant was arrested is located in the City of Lyndhurst. Most importantly, however, the only evidence in the record to establish where appellant was arrested was the testimony of the arresting police officer, who unequivocally testified that he arrested appellant outside of his jurisdiction. In light of this testimony, the trial court erred in sua sponte
determining that, contrary to the only evidence in the record regarding the location of appellant's arrest, appellant was arrested in the City of Lyndhurst.
A legal arrest of the accused together with the filing of a valid complaint upon which a warrant is issued subjects the accused to a municipal court's jurisdiction. State v. Jones
(1991). 76 Ohio App.3d 604, 606. In traffic cases, the Uniform Traffic Ticket as set forth in the Ohio Traffic Rules Appendix is the mandatory form that serves as the complaint and summons in all Ohio courts. City of Cleveland v. Castelli (Nov. 21, 1996), Cuyahoga App. No. 70540, unreported.
The traffic ticket issued in this case charges appellant with violation of Sections 434.01 (A) (1) and 434.01 (A) (3) of the Cod. Ord. of the City of Lyndhurst. Officer Cianciolo testified, however, that he did not observe appellant violate any ordinances of the City of Lyndhurst. He also testified that he arrested appellant outside of his jurisdiction. Thus, unless R.C. 2935.03
(D) applies, he made an extraterritorial arrest in violation of R.C. 2935.03. It is apparent, however, that R.C. 2935.03 (D) does not apply in this case because Officer Cianciolo did not begin pursuing appellant while he was in the City of Lyndhurst. Indeed, Officer Cianciolo's testimony makes it clear that he was not pursuing appellant at all, but merely approached his car to determine if he was okay. Accordingly, neither the extraterritorial arrest nor the complaint issued to appellant were valid and, therefore, the municipal court did not have jurisdiction of this matter.
Appellant's first assignment of error is sustained.
Appellant also challenges the trial court's denial of his motion to suppress. Having determined that the trial court was without jurisdiction in this matter, appellant's second assignment of error is overruled as moot.
This cause is reversed for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE
JAMES D. SWEENEY, J., CONCURS; and
MICHAEL L. CORRIGAN, J., DISSENTS WITH DISSENTING OPINION.