JOURNAL ENTRY AND OPINION
¶ 1 This is an appeal from an order of Cleveland Municipal Judge Ronald B. Adrine that denied Hector Santana's motion to suppress evidence of his use and possession of marijuana, after which he pleaded no contest to charges of speeding,[1] driving under the influence (DUI),[2] and driving under suspension (DUS).[3] He claims he was unlawfully arrested for a misdemeanor offense and that evidence obtained pursuant to that arrest must be suppressed. We disagree, because the circumstances here show that discovery of the evidence was inevitable.
¶ 2 On May 5, 2001, Cleveland Police Officer James Simone stopped then nineteen-year-old Santana for speeding on Clark Avenue at West 38th Street. Santana's car had temporary license plates, and he had obtained the registration and signed the required form earlier that day. A videotape of the stop and arrest, an exhibit at the suppression hearing, revealed that Santana provided his license and registration, but did not have proof of insurance as required by R.C. 4509.101. When the officer asked Santana if he had automobile liability insurance and he replied that he did not, he was informed that he could be arrested for falsification,[4] because his signature on the registration form averred that he had such financial responsibility. The officer then ordered him out of his car, searched him prior to placing him in the police car, and found marijuana. After placing him in the back of the car, and without informing him of his right to remain silent,[5] Simone asked Santana whether he had been smoking marijuana and Santana responded that he had.
¶ 3 The officer then radioed Santana's operator's license number to dispatch and learned that it was suspended. He did an inventory search of the car, discovered marijuana in the ashtray, had the car towed and impounded, and returned Santana to the police station for questioning. He informed Santana of his Miranda rights, after which he again admitted that he did not have insurance, that he had smoked marijuana that day, that the marijuana found on his person and in the car belonged to him, and he agreed to provide a urine sample for testing.
¶ 4 During the interrogation the officer informed Santana that the charges against him were DUI, DUS, driving an unsafe vehicle, transporting drugs, possession of drugs, and possession of drug paraphernalia. He did not tell him that he was under arrest for falsification. Although the booking card contained the additional charge of speeding, neither it nor the citation indicates that Santana was ever charged with falsification, and nothing in the record indicates that the charge was ever added to the complaint. At the hearing on Santana's motion to suppress, Officer Simone testified that he stopped him for speeding and arrested him for falsification, then discovered the marijuana, which led to the DUI and drug charges. He then checked the operator's license and learned it was suspended. Santana contended that although he was speeding and had admitted his lack of insurance to the officer at the scene, he could not be arrested for the non-violent misdemeanor offense of falsification because it occurred, if at all, when he signed the registration form outside the officer's presence.
¶ 5 The judge denied the motion, essentially finding that Santana completed the offense of falsification when he was operating the vehicle, because the registration form required him to swear not only to his financial responsibility at the time of registration, but that he would not operate the vehicle without it. He found the offense was not completed until Santana drove the car, thus evidencing the false statement. The judge did, however, suppress the statement Santana made in the police car before the Miranda warnings were given, and the City has not appealed that ruling.
¶ 6 Santana pleaded no contest to DUI, DUS, and speeding, the City nolled the remaining charges, and the judge found him guilty, but stayed execution of the sentence pending appeal. Santana's two assignments of error, which we address together, state:
 ¶ 7 I. THE TRIAL COURT SHOULD HAVE SUPPRESSED EVIDENCE RESULTING FROM AN UNLAWFUL AND WARRANTLESS ARREST FOR A MISDEMEANOR NOT COMMITTED IN THE PRESENCE OF THE ARRESTING OFFICER.
 ¶ 8 II. THE TRIAL COURT SHOULD HAVE SUPPRESSED THE URINE TEST BECAUSE APPELLANT SANTANA WAS SUBJECTED TO THE TEST, WITHOUT WARRANT, AND WITHOUT ABILITY OF THE GOVERNMENT TO ESCAPE THE NEED FOR A WARRANT THROUGH THE IMPLIED CONSENT DOCTRINE, AS THE ARREST FOR A DUI OFFENSE WAS BASELESS.
¶ 9 When reviewing an order on a motion to suppress evidence, we defer to the judge's findings of historical fact, but assess the application of law to those facts de novo.[6] The City has the burden to prove that its warrantless intrusion, in this case Santana's arrest, was reasonable.[7]
¶ 10 Although the officer testified that he placed Santana under arrest for falsification, the record contains no indication that such offense was charged or otherwise considered. Nevertheless, if Officer Simone had probable cause to arrest Santana for falsification, the arrest was valid even if done so as a pretext for accomplishing the search of Santana's person.[8] If this search can be justified, the remaining events lawfully follow, as the discovery of marijuana leads to a reasonable suspicion of DUI, the impoundment and inventory search of the car, and the interrogation and request for a urine sample.
¶ 11 Santana correctly asserts that his offense was a non-violent misdemeanor, and that R.C. 2935.03(A) prohibits warrantless arrest for such an offense unless committed in the arresting officer's presence.[9] He claims the offense of falsification was not committed in Simone's presence because it occurred, if at all, at the time he signed the registration document. He signed a document as the car's owner, and swore that:
 ¶ 12 I AFFIRM THAT THE OWNERS * * * NOW HAVE INSURANCE OR OTHER PROOF OF FINANCIAL RESPONSIBILITY COVERAGE (FR COVERAGE) COVERING THIS VEHICLE AND WILL NOT OPERATE OR PERMIT THE OPERATION OF THIS VEHICLE WITHOUT FR COVERAGE. BY SIGNING THIS I ACKNOWLEDGE THAT I HAVE RECEIVED A COPY OF THE FINANCIAL RESPONSIBILITY NOTICE PRINTED ON THE OTHER SIDE OF THIS APPLICATION.
¶ 13 R.C. 2921.13(A)(5) prohibits a person from knowingly making a false statement "with purpose to secure the issuance" of a registration and, based on these elements, Santana is correct in asserting that his offense was complete at the time he signed the document. By driving the car and admitting his lack of insurance so soon after making the statement, he certainly provided the officer with evidence that he had committed an offense earlier in the day. However, the elements of this offense are completed when the registrant makes the statement, not when he acts in violation of the statement's terms. The offense committed in the officer's presence was the operation of a vehicle without proof of financial responsibility.
¶ 14 Although the falsification arrest was unlawful, we find the evidence was admissible under the doctrine of inevitable discovery. This doctrine does not validate illegal searches or seizures, but is an exception to the exclusionary rule "so that illegally obtained evidence is properly admitted * * * once it is established that the evidence would have been ultimately or inevitably discovered during the course of a lawful investigation."[10]
¶ 15 Santana admitted the speeding violation and, therefore, his initial stop was valid. Police routinely run background checks using information from the driver's license, and there is no reason to believe that the officer would have released Santana without doing so here. Officer Simone requested Santana's license immediately after stopping him, and one purpose of such a request is to check whether the license is valid, not merely to see if the driver has a license in his possession.[11] Therefore, it is reasonable to conclude that his prior suspension would have been discovered in the lawful course of the stop, and he would have been arrested and searched for the DUS offense. At that point Simone would have lawfully discovered the marijuana, impounded the car and performed an inventory search, and taken Santana to the station for interrogation on suspicion for the DUI and drug offenses. In short, upon discovery of the prior suspension, the events would have transpired substantially as they did under the unlawful arrest for falsification.
¶ 16 We find that the inevitable discovery doctrine precludes any application of the exclusionary rule. Santana's first assignment of error is overruled because even though his initial arrest was unlawful, he is not entitled to the remedy of exclusion; his second assignment is overruled because the inevitable discovery of the marijuana provided probable cause for the DUI investigation.
¶ 17 Judgment affirmed.
¶ 18 It is ordered that the appellee recover from appellant costs herein taxed.
¶ 19 This court finds there were reasonable grounds for this appeal.
¶ 20 It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
¶ 21 A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and ANN DYKE, J., CONCUR
[1] Cleveland Codified Ordinances 433.03, comparable to R.C.4511.21.
[2] Cleveland Codified Ordinances 433.01, comparable to R.C.4511.19.
[3] Cleveland Codified Ordinances 435.07, comparable to R.C. 4507.02, 4511.192.
[4] R.C. 2921.13.
[5] Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694.
[6] State v. Siegel (2000), 138 Ohio App.3d 562, 566, 741 N.E.2d 938,940-41.
[7] City of Xenia v. Wallace (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus.
[8] Dayton v. Erickson (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091, syllabus; see, also, State v. Hatfield (1965), 1 Ohio App.2d 346,348, 30 O.O.2d 350, 204 N.E.2d 574, 575.
[9] State v. Mathews (1976), 46 Ohio St.2d 72, 75-76, 75 O.O.2d 150, 346 N.E.2d 151, 153-154.
[10] State v. Perkins (1985), 18 Ohio St.3d 193, 18 OBR 259,480 N.E.2d 763, syllabus, following Nix v. Williams (1984), 467 U.S. 431,104 S.Ct. 2501, 81 L.Ed.2d 377.
[11] See, e.g., Berkemer v. McCarty (1984), 468 U.S. 420,104 S.Ct. 3138, 82 L.Ed.2d 317 (motorist ordinarily expects traffic stop will entail waiting while officer checks license and registration); cf. Statev. Chatton (1984), 11 Ohio St.3d 59, 63, 11 OBR 250, 463 N.E.2d 1237,1240-41 (stop and detention must be valid before officer can request and check license).