[Cite as *State v. Erickson*, 2014-Ohio-1536.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case Nos. 25843 |
| | : | 25844 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 09-TRC-05426 |
| v. | : | 08-TRC-07728 |
| | : | |
| KELSEY A. ERICKSON | : | (Criminal Appeal from |
| | : | Miamisburg Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of April, 2014.

. . . . . . . . . . .

CHRISTINE BURK, Atty. Reg. #0050559, 10 North First Street, Miamisburg, Ohio 45342
        Attorney for Plaintiff-Appellee

J. ANTHONY LEHMAN, Atty. Reg. #0006264, Ruschau & Lehman, 443 East Central Avenue, Miamisburg, Ohio 45342
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Kelsey A. Erickson appeals from her convictions and

sentences in two separate cases for Operating a Motor Vehicle Under the Influence of Alcohol, in violation of R.C. 4511.19(A). Erickson contends that she was denied due process at her two disposition hearings when the trial court failed to engage her in the plea colloquy required by Crim.R. 11. Erickson further contends that the trial court violated her right to due process when it issued nunc pro tunc entries several years after her convictions and sentences.

{¶ 2}    We conclude that we must presume the regularity of the trial court's proceedings without a transcript or statement of evidence or proceedings pursuant to App.R. 9. We further conclude that Erickson has failed to show prejudice resulting from the delay in journalizing the judgments. Accordingly, the judgments of the trial court are Affirmed.

## I. The Course of Proceedings

{¶ 3}    In 2008, Erickson was cited for Impeding Traffic, in violation of R.C. 4511.22, and Operating a Motor Vehicle Under the Influence of Alcohol, in violation of R.C. 4511.19(A). In February 2009, in Miamisburg Municipal Court Case No. 08TRC07728, Erickson pled guilty to the offense of Operating a Motor Vehicle Under the Influence of Alcohol. The trial court found Erickson guilty and sentenced her to 180 days in jail, with 177 days suspended on the condition of one year of probation. Erickson's driver's license was suspended for six months, and she was fined $1,000 plus court costs, with $625 suspended. It does not appear the trial court journalized the judgment of conviction and sentence until June 20, 2013, when the trial court issued a "Nunc Pro Tunc Entry of Conviction and Sentence."

{¶ 4}    In September 2009, Erickson was cited for Failure to Control, in violation of Miamisburg Ordinance 434.08, and Operating a Motor Vehicle Under the Influence of Alcohol,

in violation of R.C. 4511.19(A). In November 2009, in Miamisburg Municipal Court Case No. 09TRC05426, Erickson pled guilty to Operating a Motor Vehicle Under the Influence of Alcohol. The trial court found Erickson guilty and sentenced her to 90 days in jail, suspending 80 days of the sentence, and permitting Erickson to serve the 10 days as an in-patient at C.A.D.A.S. in lieu of serving a jail sentence. The 80 days were suspended on the conditions of supervised probation and undergoing alcohol assessment and treatment. Erickson also was fined $525 plus court costs. It does not appear the trial court journalized this judgment of conviction and sentence until June 20, 2013, when the trial court issued a "Nunc Pro Tunc Entry of Conviction and Sentence."

{¶ 5} Erickson appeals from both of the trial court's June 20, 2013 entries. Erickson did not file a notice of appeal within thirty days of the dates on which she was convicted and sentenced. But, as we explained in a November 21, 2013 decision and entry, the June 20, 2013 judgment entries of conviction and sentence are the only final orders of record subject to appeal pursuant to R.C. 2505.02. Consequently, Erickson's notices of appeal are timely filed, despite the fact that they were filed several years after she finished serving her sentences.

## II. We Must Presume the Regularity of the Proceedings in the
## Absence of a Transcript or Statement of the Evidence or Proceedings

{¶ 6} Erickson's two assignments of error state:

THE COURT VIOLATED DEFENDANT'S DUE PROCESS AND CONSTITUTIONAL RIGHTS WHEN THE COURT FAILED TO FOLLOW THE OHIO RULES OF CRIMINAL PROCEDURE.

THE COURT VIOLATED DEFENDANT'S DUE PROCESS AND CONSTITUTIONAL RIGHTS WHEN THE COURT ISSUED NUNC PRO TUNC ENTRIES.

{¶ 7}    Erickson contends, in part, that she "never appeared in front of any Court, never personally pled guilty, or entered any other plea on the record or in open court. * * *  The Defendant was never informed of the consequences of her plea and there is no evidence that the Defendant understood the effects of her guilty plea."   Brief, p. 8.   Erickson further contends:

On 09TRC05426 the Nunc Pro Tunc Entry states again that the Defendant entered a guilty plea.   Again this was not done on the record, not done in the courtroom, there was no advice regarding the waivers or her Constitutional Rights. There is not a conversation between the Defendant and the Court and the Defendant never appeared in the Court to enter a plea and again it would be impossible to give the Defendant an opportunity to be heard since she was not in the same room as the Judge.   In fact in both cases the Defendant never saw the Judge.

As set forth on 08TRC07728 the entry was not signed, the Defendant was never advised of the maximum and minimum penalty.   Again the Defendant was sentenced, she completed her sentence, completed her one year probation, went to treatment as ordered, she completed her license suspension and was reinstated by paying her reinstatement fees.   Although the Court record is silent it is apparent the Warren County Prosecutor's Office asked for the Nunc Pro Tunc Entries since there is a pending felony OVI in Warren County.   *Id.* at 12.

{¶ 8}    Both of Erickson's assignments of error are based on what did or did not transpire at the disposition hearings in her two traffic cases on February 26, 2009 and November 19, 2009.   There are no transcripts in the record on appeal from either of these two proceedings. A reviewing court is limited to the trial court record.  *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶ 9}    Pursuant to App.R. 9(C), "[i]f no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection."   The record includes a letter from the Chief Deputy Clerk of Miamisburg Municipal Court explaining that she was unable to find a recording of the final disposition hearings.   But Erickson did not prepare a statement of the evidence or proceedings in lieu of the transcript.

{¶ 10}    Because Erickson has not supported the assignments of error with either a transcript or any alternative form of the record permitted by App.R. 9, we must presume the regularity of the proceedings and the validity of the trial court's rulings.  *City of Columbus v. McCash*, 10th Dist. Franklin No. 11AP-1118, 2012-Ohio-3167, ¶ 17 (Citation omitted).

{¶ 11}    Erickson mentions at various points in her brief that she believes the trial court issued the June 20, 2013 entries at the request of the Warren County Prosecutor in order to help

the prosecutor seek a felony conviction in a criminal action pending against Erickson in the Warren County Court of Common Pleas. We have nothing in the record relating to a pending criminal action in Warren County. While the June 20, 2013 entries were filed well after Erickson served her sentences and paid her fines, Erickson has not directed our attention to any prejudice that has resulted from the trial court's delay in journalizing the judgments of conviction and sentence. Erickson focuses instead on what the trial court allegedly failed to do on the dates of the disposition hearings. Without transcripts or statements of evidence relating to those disposition hearings, we cannot find prejudicial error.

{¶ 12} Erickson's assignments of error are overruled.

### III. Conclusion

{¶ 13} Both of the assignments of error having been overruled, the judgments of the trial court are Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Christine Burk
J. Anthony Lehman
Hon. Robert W. Rettich, III