[Cite as *State v. Galluzzo*, 2019-Ohio-2999.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-26 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CRB-399 |
| | : | and 2018-TRD-1000 |
| MICHAEL ANTHONY GALLUZZO | : | |
| | : | (Criminal Appeal from Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2019.

. . . . . . . . . . .

ROGER A. STEFFAN, Atty. Reg. No. 0086330, Assistant Municipal Court Prosecuting Attorney, 205 South Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

MICHAEL ANTHONY GALLUZZO, P.O. Box 710, Saint Paris, Ohio 43072
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Michael Anthony Galluzzo, appeals pro se from his conviction in the Champaign County Municipal Court after a jury found him guilty of failing to comply with the order or signal of a police officer, resisting arrest, and driving under suspension. In support of his appeal, Galluzzo contends that the trial court erred in denying his demurrer to the trial court's territorial jurisdiction without holding a hearing as required by R.C. 2941.62. Galluzzo also contends that the trial court erred in failing to require the State to place proof of territorial jurisdiction on the record. Galluzzo further contends that the trial court erred in failing to address his claim that the trial court lacked personal jurisdiction over him. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On May 11, 2018, Galluzzo was charged by complaint in the Champaign County Municipal Court with one count of failing to comply with the order or signal of a police officer in violation of R.C. 2921.331(A), a misdemeanor of the first degree; one count of obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree; one count of resisting arrest in violation of R.C. 2921.33(A), also a misdemeanor of the second degree; and one count of disorderly conduct in violation of R.C. 2917.11(A)(5), a misdemeanor of the fourth degree. In a separate traffic case, Galluzzo was also charged with driving under suspension in violation of Saint Paris Codified Ordinance 71.28(A), a first degree misdemeanor.

{¶ 3} The aforementioned charges arose from a traffic stop in Saint Paris,

Champaign County, Ohio. The traffic stop was initiated after a police officer, who was familiar with Galluzzo and knew that Galluzzo had a suspended driver's license, observed Galluzzo driving a vehicle on East Main Street in Saint Paris. In the bill of particulars, it was alleged that Galluzzo ignored the officer's commands to return to his vehicle after being pulled over. It was also alleged that Galluzzo ignored repeated commands to get on the ground and place his hands behind his back. Instead of complying with the officer's orders, Galluzzo attempted to get back inside his vehicle and interfered with his arrest, which ultimately took five officers to effectuate.

{¶ 4} After being arrested and charged for this conduct, Galluzzo refused to enter a plea to the charges. As a result, the trial court entered a not guilty plea on Galluzzo's behalf and scheduled the matter for a jury trial. Prior to trial, Galluzzo filed multiple pro se pleadings wherein he challenged the trial court's territorial jurisdiction by demurrer. Galluzzo also generally challenged the jurisdiction of the trial court "territorial or otherwise." At a pretrial hearing, the trial court found that Galluzzo's jurisdictional challenge lacked merit and ordered the trial to go forward as scheduled.

{¶ 5} Following the presentation of the State's evidence at trial, the trial court granted Galluzzo a Crim.R. 29 acquittal on the charges for obstructing official business and disorderly conduct. However, after deliberations, the jury found Galluzzo guilty of failing to comply with the order or signal of a police officer, resisting arrest, and driving under suspension. The trial court thereafter sentenced Galluzzo to a total of 180 days in jail with 150 days suspended and five days of jail-time credit. Galluzzo was also ordered to pay a $400 fine for failure to comply, a $150 fine for resisting arrest, and a $100 fine for driving under suspension, plus court costs.

{¶ 6} Galluzzo now appeals from his conviction, raising a single assignment of error for review.

### Assignment of Error

{¶ 7} Under his sole assignment of error, Galluzzo raises several arguments pertaining to the trial court's jurisdiction. Galluzzo first contends that the trial court erred in denying his demurrer to the trial court's territorial jurisdiction without holding a hearing. In support of this claim, Galluzzo relies on R.C. 2941.57, which permits demurrers to indictments, and R.C. 2941.62, which requires an immediate hearing thereon.

{¶ 8} This court has previously rejected similar claims made by Galluzzo on grounds that demurrers have been abolished in traffic and misdemeanor cases. *See, e.g., Village of St. Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-4, 2014-Ohio-3260, ¶ 9-10 ("*Galluzzo I*"); *Dayton v. Galluzzo*, 2d Dist. Montgomery No. 25913, 2014-Ohio-4854, ¶ 5-6 ("*Galluzzo II*"); *Saint Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-29, 2015-Ohio-3385, ¶ 35-36 ("*Galluzzo III*"). Because the instant case involves misdemeanor offenses, we find that the trial court did not err in denying Galluzzo's demurrer and that Galluzzo's reliance on R.C. 2941.57 and R.C. 2941.62 is misplaced.

{¶ 9} Galluzzo next contends that the trial court erred in failing to require the State to place proof of the trial court's territorial jurisdiction on the record. R.C. 1901.02(B) sets forth the territorial jurisdiction of municipal courts and provides that: "The Champaign county municipal court has jurisdiction within Champaign County." Because municipal courts in Ohio have jurisdiction over misdemeanors occurring within their territorial jurisdiction, *see* R.C. 1901.20(A)(1), the complaint filed against Galluzzo alleging that he

committed misdemeanor offenses in Saint Paris, Champaign County, Ohio, properly invoked the jurisdiction of the trial court. *See State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 11-12.

{¶ **10**} Galluzzo's claim that the State failed to place proof of the trial court's territorial jurisdiction on the record cannot be reviewed on appeal because Galluzzo failed to file the transcript of his jury trial. Without this transcript, we must presume the regularity of the proceeding, which includes a presumption that the State established at trial that the offenses in question occurred within the territorial jurisdiction of the trial court, i.e., Champaign County. *See State v. Erickson*, 2d Dist. Montgomery Nos. 25843, 25844, 2014-Ohio-1536, ¶ 10, citing *Columbus v. McCash*, 10th Dist. Franklin No. 11AP-1118, 2012-Ohio-3167, ¶ 17.

{¶ **11**} Galluzzo also contends that the trial court erred in failing to address his claim that the trial court lacked personal jurisdiction over him. We note that no specific argument with regard to personal jurisdiction was ever raised before the trial court; however, Galluzzo did generally challenge the trial court's jurisdiction. From what this court can discern from Galluzzo's appellate brief, Galluzzo believes that the trial court lacked personal jurisdiction because he never provided consent to such jurisdiction and because he was not served a copy of the summons. Both of these claims lack merit.

{¶ **12**} In *Galluzzo II*, this court rejected Galluzzo's claim that the trial court lacked personal jurisdiction over him due to lack of consent. *Galluzzo II*, 2d Dist. Montgomery No. 25913, 2014-Ohio-4854, ¶ 7-9. In rejecting this claim, we noted that Section 3, Article 18 of the Ohio Constitution provides municipalities with the authority to exercise all powers of local self-government, including police power to enforce the municipalities'

regulations. *Id.* at ¶ 8. Since municipal courts have jurisdiction over misdemeanors committed within their territorial limits, we held that there was no question that the Dayton Municipal Court had jurisdiction over Galluzzo for committing a traffic offense within the City of Dayton. *Id.* at ¶ 8-9. The same reasoning applies to the present case, as there is no question that the Champaign County Municipal Court had jurisdiction over Galluzzo for committing the instant misdemeanor offenses in Champaign County.

{¶ 13} With regard to service of the summons, even if Galluzzo had not been properly served, personal jurisdiction was accomplished through Galluzzo's arrest and subsequent arraignment in open court on May 16, 2018, during which the charges were read and explained to him. *See State v. White*, 2d Dist. Clark No. 95-CA-128, 1996 WL 354923, *1 (June 28, 1996) (personal jurisdiction was "accomplished by the arrest of [defendant] and his arraignment in open court upon the indictment"); *State v. Sunnycalb*, 12th Dist. Butler No. CA95-04-059, 1995 WL 684109, *3 (Nov. 20, 1995) ("[a]lthough appellant was never served with a copy of the indictment, the trial court had personal jurisdiction over him pursuant to appellant's appearance before the court at his arraignment"). *See also State v. Neff*, 11th Dist. Trumbull No. 93-T-4876, 1994 WL 45260, *2 (Feb. 4, 1994); *State v. Jones*, 76 Ohio App.3d 604, 606, 602 N.E.2d 751 (1st Dist.1991). Therefore, Galluzzo's claim that the trial court lacked personal jurisdiction due to a service failure lacks merit.

{¶ 14} For the foregoing reasons, Galluzzo's sole assignment of error is overruled.


**Conclusion**

{¶ 15} Having overruled Galluzzo's sole assignment of error, the judgment of the

trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Roger A. Steffan
Michael Anthony Galluzzo
Hon. Gil S. Weithman