[Cite as *State v. Howard*, 2025-Ohio-1393.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 24-CRB-001-0200 |
| | : | |
| EMILY R. HOWARD | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 18, 2025

. . . . . . . . . . .

EMILY R. HOWARD, Pro Se Appellant

JAMES D. BENNETT, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Emily R. Howard appeals pro se from her conviction in the Darke County Municipal Court on a misdemeanor charge of failure to keep a dog under reasonable control.   For the reasons that follow, the judgment of the municipal court will be affirmed.

{¶ 2} Howard was convicted on August 16, 2024, following a bench trial. Howard

filed a timely pro se "notice of appeal," which listed "errors" and arguments, but she did not thereafter file a brief. Accordingly, in October 2024, we ordered Howard to either file a brief within 14 days or show cause why her appeal should not be dismissed for lack of prosecution. In response, Howard refiled her "notice of appeal," to which she appended a pro se response to the show cause order; it stated in part:

Emily Howard is not an attorney, so if there are reasons that the Second Appellate Court is having issues processing her appeal, then appoint her an attorney to proceed. Since Emily Howard is not an attorney her appeal is based on facts, bias, and discrimination. There will be no case law as Emily Howard is not an attorney. If Emily Howard's issues for filing her appeal are too difficult to understand, let her know and her husband, Corbin Howard will write it in crayon, so you can more easily understand.

{¶ 3} We accepted Howard's "notice of appeal" as her brief. In it, she argues "[j]udicial misconduct through bias by favoring the state's witnesses over the defendant through remarks, decisions, and other actions" and prosecutorial misconduct based upon "leading the witnesses to make false statements." According to Howard, witnesses for the State committed perjury "through inconsistent statements and false statements not made on body cam video." Finally, Howard argues that she was denied her right to an impartial jury and her right to question witnesses "without being burdened by unlawful restrictions."

{¶ 4} "Litigants who choose to proceed pro se are presumed to know the law and

correct procedure, and [they] are held to the same standard as other litigants." *Yocum v. Means*, 2002-Ohio-3803 (2d Dist.). A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." *Id.* Thus, like any other appellant, Howard was required to present reasoned arguments in support of her appeal. Howard's ad hominem comments addressed to this court in her response to the show cause order reflect a failure of the reasoning typically characteristic of civil and logical legal arguments.

{¶ 5} In addressing an appeal, a "reviewing court is limited to the trial court record." *State v. Erickson*, 2014-Ohio-1536, ¶ 8 (2d Dist.), citing *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. " 'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.' " *Id.,* quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 6} All of the arguments delineated in Howard's brief require a factual review of the record before the municipal court; none of the claimed errors focus on any legal argument. However, Howard has not filed a transcript of the proceedings in the municipal court. As such, we have nothing to review as to the factual "errors" she identifies, and we must presume the validity of the municipal court's proceedings. Howard's arguments are overruled.

{¶ 7} The judgment of the municipal court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HANSEMAN, J., concur.